15-3418-cv
*Soules v. Town of Oxford, et al.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of October, two thousand sixteen.

PRESENT:  JON O. NEWMAN
RALPH K. WINTER,
JOSÉ A. CABRANES,
*Circuit Judges.*

---

GARY SOULES,

      *Plaintiff-Appellant*,                        15-3418-cv

      v.

TOWN OF OXFORD, GEORGE R. TEMPLE, DANIEL SEMOSKY

      *Defendants-Appellees*,

STATE OF CONNECTICUT, DEPARTMENT OF EMERGENCY SERVICES AND PUBLIC PROTECTION, STATE OF CONNECTICUT,

      *Defendants.*

---

**FOR PLAINTIFF-APPELLANT:**          WILLIAM S. PALMIERI, Law Offices of William S. Palmieri, LLC, New Haven, CT.

**FOR DEFENDANTS-APPELLEES TOWN OF OXFORD AND GEORGE R. TEMPLE:**

COLLEEN B. VALENTINE, Assistant Attorney General (Ann E. Lynch, Assistant Attorney General, *on the brief*), *for* George Jepsen, Attorney General for the State of Connecticut, Hartford, CT.

**FOR DEFENDANT-APPELLEE DANIEL SEMOSKY:**

DENNIS M. DURAO (James N. Tallberg, *on the brief*), Karsten & Tallberg, LLC, Rocky Hill, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Vanessa L. Bryant, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED** in part and **VACATED** and **REMANDED** in part.

Plaintiff-appellant Gary Soules appeals from a September 30, 2015 judgment in favor of the defendants-appellees Sargent Daniel Semosky in his individual capacity, First Selectman George R. Temple in his official and individual capacity, and the Town of Oxford (the "Town").[1] Soules, a police officer for the Town, appeals the District Court's dismissal of five claims against these defendants: (1) a claim under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* (the "ADA") and the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.* (the "Rehab Act"); (2) a claim of disability discrimination under the Connecticut Fair Employment Practices Act, Conn. Gen. Stat. § 46a–60 *et seq.* ("CFEPA"); (3) a claim against only Temple and the Town under the Uniformed Services Employment & Reemployment Rights Act, 38 U.S.C. § 4301 *et seq.* ("USERRA");[2] (4) a 42 U.S.C. § 1983 claim against only Temple and Semosky for substantive due process violations under the Fifth Amendment of the U.S. Constitution; and (5) a common law intentional infliction of emotional distress ("IIED") claim.[3] The District Court dismissed these claims with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6). *Soules v. State*, No. 14-cv-1045 (VLB), 2015 WL

---

[1] Soules did not appeal the dismissal of his claims against the State of Connecticut, the State of Connecticut Department of Emergency Services and Public Protection, or Semosky in his official capacity.

[2] Though Soules inserts Semosky into his USERRA claim in his brief on appeal, his amended complaint only brings that claim against Semosky in his official capacity. Soules has withdrawn all of his official capacity claims against Semosky on this appeal. As such, he cannot now assert a USERRA claim against Semosky.

[3] Soules has failed to brief his other claims raised on appeal and has accordingly waived them. *Chabad Lubavitch of Litchfield Cty., Inc. v. Litchfield Historic Dist. Comm'n*, 768 F.3d 183, 200 (2d Cir. 2014).

5797014 (D. Conn. Sept. 30, 2015). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a dismissal of a complaint under Rule 12(b)(6), "construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). The complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

A.

Having conducted an independent and *de novo* review of the record in light of these principles, and for substantially the reasons stated by the District Court in its decision of September 30, 2015, we affirm the judgment to the extent that it dismissed Soules's claims under the ADA and Rehab Act, USERRA, and § 1983 for failing to sufficiently plead claims upon which relief can be granted. As the District Court held, *see Soules*, 2015 WL 5797014, at *7, the complaint alleges no facts indicating that either appellant's PTSD or injury impaired any life activities. This failure causes both his actual disability and perceived disability claims to fail. Moreover, the complaint fails to meet the basic requirements of comprehensibility, let alone the requirements of *Twombly* and *Iqbal*.

B.

Soules asserts that the District Court erred by denying him leave to amend his complaint a second time. We generally review a denial of leave to amend for "abuse of discretion." *Hutchison v. Deutsche Bank Sec. Inc.*, 647 F.3d 479, 490 (2d Cir. 2011). But where the denial was based on the District Court's determination that amendment would be futile, our review is *de novo*. *Id.* Soules never sought leave to amend either by motion or by request in his opposition to the defendants' motion to dismiss. Rather, he argues on appeal for the first time that he should have been given an opportunity to file a third complaint. His argument is, accordingly, frivolous. *See Williams v. Citigroup Inc.*, 659 F.3d 208, 212 (2d Cir. 2011) ("We have described the contention that the District Court abused its discretion in not permitting an amendment that was never requested as frivolous." (internal quotation marks omitted)). Moreover, given Soules's complete failure to remedy the defects of his original complaint with his first opportunity to amend and the absence of any proposed amendments, we concur with the District Court that any further amendment would be futile.

C.

We vacate and remand, however, the District Court's judgment as to the plaintiff's state law claims with instructions to dismiss those claims without prejudice.

To dispose of the plaintiff's IIED claim, the District Court held that "[b]ecause Plaintiff has failed to raise a claim under federal law, the Court lacks subject matter jurisdiction over Plaintiff's claim for [IIED] under Connecticut law." *Soules*, 2015 WL 5797014, at *17. Yet despite holding that it no longer had subject matter jurisdiction, the District Court continued that "even if one of Plaintiff's various federal claims stated a claim for relief such that this Court could exercise supplemental jurisdiction over the IIED claim, Plaintiff has failed to state a claim for IIED." *Id.* at *18. The District Court went on to explain why Soules's IIED claim failed to state a claim and entered a judgment dismissing the IIED claim with prejudice.

The District Court erred by dismissing the IIED claim with prejudice despite holding that it lacked subject-matter jurisdiction over the claim. Once a district court dismisses all of the claims over which it has original jurisdiction, it may, within its discretion, exercise supplemental jurisdiction over the remaining state law claims or decline to exercise such jurisdiction. *See* 28 U.S.C. § 1367(c)(3); *see also Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) (describing the factors noted in *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988), that courts should consider when deciding to exercise supplemental jurisdiction). Here, we must read the District Court's plain declaration that it lacked subject-matter jurisdiction over the IIED claim as a choice not to exercise its supplemental jurisdiction. This choice was within its discretion. *See id.* at 122 ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims."). As such, the portion of the District Court's holding discussing the merits of Soules's IIED claim had no legal effect once the District Court declared it had no jurisdiction to decide the claim. Accordingly, the District Court erred in entering a judgment dismissing the IIED claim with prejudice.

The District Court also erred when it dismissed the plaintiff's CFEPA claims with prejudice. The District Court provided no explanation of whether it chose to exercise its supplemental jurisdiction over the CFEPA claim. And even if we read the District Court's dismissal of the CFEPA claim as an exercise of its supplemental jurisdiction, the District Court erred in doing so. *See id.*

4

## CONCLUSION

We **AFFIRM** the judgment of the District Court in all regards other than the plaintiff's CFEPA and IIED claims, as to which we **VACATE** the judgment and **REMAND** the case to the District Court with instructions to dismiss the claims without prejudice.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk