17-220-cv
Redmond v. Bank of New York Mellon Corporation

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 1st day of September, two thousand seventeen.

Present:    ROSEMARY S. POOLER,
            GERARD E. LYNCH,
                        *Circuit Judges.*
            BRIAN M. COGAN,
                        *District Judge.*[1]

_____

PHILIP REDMOND, BEVERLY REDMOND,

            *Plaintiffs - Appellants,*

            v.                                                    17-220-cv

THE BANK OF NEW YORK MELLON CORPORATION,
FKA THE BANK OF NEW YORK AS TRUSTEE FOR
FIRST HORIZON ALTERNATIVE MORTGAGE  SECURITIES
TRUST 2005-FA 10, NATIONSTAR MORTGAGE LLC,

            *Defendants - Appellees.*[2]

_____

---

[1] Judge Brian M. Cogan, United States District Court for the Eastern District of New York, sitting by designation.

[2] The Clerk of Court is respectfully directed to amend the caption as above.

Appearing for Appellants:       Steven Bruce Rabitz, Massapequa, NY.

Appearing for Appellees:       Jordan M. Smith, Scott B. Group, Akerman LLP, New York, NY.

Appeal from the United States District Court for the Eastern District of New York (Wexler, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Plaintiffs-appellants Philip and Beverly Redmond appeal from an order and a judgment entered by the District Court for the Eastern District of New York (Wexler, *J.*), dismissing their claims. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

The district court dismissed plaintiffs' claims pursuant to the *Rooker-Feldman* doctrine, res judicata, and lack of standing, although it did not say which theory applied to which claims.

**1. *Rooker-Feldman* Doctrine**

"Under the *Rooker–Feldman* doctrine, federal district courts lack jurisdiction over cases that essentially amount to appeals of state court judgments." *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014). "There are four requirements for the application of *Rooker–Feldman*: (1) the federal-court plaintiff lost in state court; (2) the plaintiff complains of injuries caused by a state court judgment; (3) the plaintiff invites review and rejection of that judgment; and (4) the state judgment was rendered before the district court proceedings commenced." *Id.* (internal quotation marks, ellipses, and brackets omitted).

In this case, all of the *Rooker-Feldman* elements are satisfied as to plaintiffs' counts 1 and 4, because they seek review of the state court's foreclosure order. The first count, for declaratory relief, complains of defendants' lack of interest in the property, on account of which "all attempts to foreclose by Defendants against the subject property are void," and asks that the court "[d]eclare that the Plaintiffs own the Property free and clear." App'x at 32, 37. Count 4, for "slander of title," asks the court to "Award Plaintiffs exclusive possession of the Property," and otherwise seeks damages based on the defendants' foreclosure proceedings against the property. App'x at 34-35, 38. Although both counts seek money damages, these damages appear to be only those damages incurred as a result of the foreclosure. Thus, these counts are based on plaintiffs' loss in the state foreclosure proceedings, complain of injuries arising from the foreclosure, and request that the foreclosure be reviewed and rejected. Because the foreclosure occurred in 2009, it was before this suit was filed. We have no jurisdiction over these claims.

Plaintiffs contend that *Rooker-Feldman* does not apply here because of an exception to the doctrine when confronting judgments procured through fraud, deception, accident, or mistake. Our Circuit has "never recognized a blanket fraud exception to *Rooker–Feldman*." *Kropelnicki v. Siegel*, 290 F.3d 118, 128 (2d Cir. 2002) (internal quotation marks omitted).

Instead, we have said that a "litigant may not rely on the deception of her opponents to demonstrate that she was not afforded a reasonable opportunity to raise her claims." *Id.* (internal quotation marks omitted). That is what the plaintiffs wish to do here. Our precedent bars this argument.

Plaintiffs argue that Delaware law did not permit the arguments made here to be brought in the foreclosure proceedings because of the unusual summary procedure Delaware uses for foreclosures. For that reason, plaintiffs contend, the claims here should not be barred by *Rooker-Feldman* because they "had [no] opportunity to raise th[ese] claim[s]" in state court. *Kropelnicki*, 290 F.3d at 128.

Delaware law provides a summary foreclosure procedure called an action of scire facias sur, which evidently was employed in this case. Del. Code Ann. tit. 10, § 5061. Generally, "counterclaims not related to the mortgage transaction may not be asserted in an action of *scire facias sur* mortgage." *Quillen v. Sayers*, 482 A.2d 744, 748 (Del. 1984). "A defendant may only plead payment, satisfaction, or a plea in avoidance against a *scire facias* action." *Wells Fargo Bank, N.A. v. Williford*, C.A. No. 09L-07-295MJB, 2011 WL 5822630, at *3 (Del. Super. Ct. Nov. 17, 2011). Although "[n]o authority has been found which extend[s] the plea [in avoidance] to matters other than those relating in some degree to the transaction sued upon," homeowners may assert some defenses and counterclaims: "[e]xamples of matters which could be asserted under a plea in confession and avoidance are: act of God, assignment of cause of action, conditional liability, discharge, duress, exception or proviso of statute, forfeiture, fraud, illegality of transaction, justification, nonperformance of condition precedent, ratification, unjust enrichment and waiver." *Gordy v. Preform Bldg. Components, Inc.*, 310 A.2d 893, 895-96 (Del. Super. Ct. 1973).

Because a "plea in avoidance" to the foreclosure allows claims of "assignment of cause of action," "fraud," "illegality of transaction," and "nonperformance of a condition precedent," it would permit the types of claims that plaintiffs made in counts 1 and 4. *See Shrewsbury v. The Bank of New York Mellon*, 160 A.3d 471 (Del. 2017). *Rooker-Feldman* thus applies.

## 2. Statutes of Limitations

Defendants contend that plaintiffs' federal statutory claims are time-barred. Plaintiffs' claim in count 3 appears to arise under 15 U.S.C. § 1640(g), which states that "failure to disclose to any person any information required under this part . . . shall entitle the person to a single recovery under this section." Pursuant to Section 1640(e), "any action under this section"— which would include one under Section 1640(g)—"may be brought in any United States district court, or in any other court of competent jurisdiction, within *one year from the date of the occurrence* of the violation." 15 U.S.C. § 1640(e) (emphasis added). The statute does not provide a discovery-based limitation rule, but instead looks to when the violation occurred. Because the most recent assignment of which plaintiffs complain took place on December 2, 2014, and the complaint in this case was filed January 14, 2016, count 3 is time-barred.

Plaintiffs also raise a claim under 15 U.S.C. § 1641(g). That claim falls under the same statute of limitations. *See* 15 U.S.C. § 1640(a) (stating that Section 1640 creates civil liability for

claims under "subsection (f) or (g) of section 1641"); § 1640(e) (stating that "any action under this section," i.e., § 1640, must be "within one year from the date of the occurrence of the violation"). Thus, count 5, which arises under Section 1641(g), is time-barred as well, because it relies on events occurring before January 14, 2015.

### 3. Standing

Finally, plaintiffs lack standing to bring their claim in count 2 for "constructive fraud."

"The irreducible constitutional minimum of standing under Article III of the Constitution includes the requirement that the plaintiff must have suffered an injury in fact which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Rajamin v. Deutsche Bank Nat'l Tr. Co.*, 757 F.3d 79, 85 (2d Cir. 2014) (internal quotation marks and ellipses omitted). In *Rajamin*, we considered claims similar to those pressed here—that financial institutions did not have the right to foreclose on the plaintiffs' homes because of legal violations that occurred during the securitization and transfer of mortgages among different banks. *Id.* at 82-83. We held that plaintiffs did not have constitutional standing, reasoning as follows:

> Plaintiffs asserted that they "were suffering damages with each and every payment to Defendants," on the theory that defendants "were not proper parties to receive and collect such payments." But plaintiffs acknowledge that they took out the loans . . . and were obligated to repay them, with interest; and they have not pleaded or otherwise suggested that they ever paid defendants more than the amounts due, or that they ever received a bill or demand from any entity other than defendants. Thus, there is no allegation that plaintiffs have paid more than they owed or have been asked to do so.
>
> . . .
>
> [T]he Complaint's assertion that "[d]efendants have commenced or authorized the commencement of foreclosure proceedings where payments have not been made or received" does not indicate an actual or imminent, rather than a conjectural or hypothetical, injury. Plaintiffs have acknowledged on this appeal that they were declared in default on their mortgages, and that foreclosure proceedings were instituted by Deutsche Bank, claiming to own those mortgages. . . . [T]here was no allegation of any threat or institution of foreclosure proceedings against any plaintiff by any entity other than defendants.

*Id*. at 85 (internal citations and brackets omitted). *Rajamin* states that a plaintiff seeking to allege an injury from a foreclosure should assert at least one of the following: (1) that foreclosure was not warranted under the terms of the loan (i.e., because the borrower made payments appropriately), or (2) that more than one company attempted to foreclose or demanded payment. Absent either assertion, or the assertion of some other cognizable injury, the borrower does not suffer any injury because of paperwork irregularities.

4

Plaintiffs here suggest that their case differs from *Rajamin* because their claims derive from the terms of their agreements or from state law, and not from agreements between lenders as did many of the claims in *Rajamin*. But that does not affect *Rajamin*'s holding that it is insufficient, for constitutional standing purposes, for a plaintiff to allege merely that the *wrong party* foreclosed on him or her. Because plaintiffs here have raised no plausible allegation that the foreclosure and attendant harm would not have occurred absent the violations they allege, they lack standing.

We have considered the remainder of plaintiffs' arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk