17-2682-cv
*Costello v. Wells Fargo Bank, Nat'l Assoc.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of October, two thousand eighteen.

PRESENT:    JOSÉ A. CABRANES,
            ROBERT D. SACK,
                    *Circuit Judges.*
            JOHN G. KOELTL,
                    *District Judge.*[*]

_____

JAMES T. COSTELLO,

               *Plaintiff-Appellant*,                          17-2682-cv

               v.

WELLS FARGO BANK, NATIONAL ASSOCIATION,
FEDERAL HOUSING FINANCE AGENCY,
CONSERVATOR FOR FEDERAL NATIONAL MORTGAGE

_____

[*] Judge John G. Koeltl, of the United States District Court for the Southern District of New York, sitting by designation.

ASSOCIATION, MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC., NATIONSTAR
MORTGAGE, LLC, FEDERAL NATIONAL MORTGAGE
ASSOCIATION

*Defendants-Appellees.*

FOR PLAINTIFF-APPELLANT:    James T. Costello, *pro se*, Stratford, CT.

FOR DEFENDANTS-APPELLEES
**Wells Fargo, N.A.,**
**Federal National Mortgage Association, and**
**Mortgage Electronic Registration Systems Inc.:**    David M. Bizar, Seyfarth Shaw LLP, Boston MA, Robert J. Carty, Jr., Seyfarth Shaw LLP, Houston TX.

FOR DEFENDANT-APPELLEE
**Nationstar Mortgage:**    Laurence P. Chirch, Sandelands Eyet LLP, Bedminster, NJ.

FOR DEFENDANT-APPELLEE
**Federal Housing Finance Agency:**    Michael A.F. Johnson, Arnold & Porter Kaye Scholer LLP, Washington, DC, Brian D. Rich, Laura P. Zaino, Halloran & Sage LLP, Hartford, CT.

Appeal from an August 11, 2017 judgment of the United States District Court for the District of Connecticut (Victor A. Bolden, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be, and hereby is, **AFFIRMED**.

Plaintiff-Appellant James Costello ("Costello"), proceeding *pro se*, brought this action against several banking and mortgage entities related to the attempted foreclosure of his property. Costello sought declaratory orders, injunctive relief, and damages from various defendants, as well as sanctions against one of the defendants' attorneys. The District Court dismissed the complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), and the motion for sanctions for

failure to comply with Rule 11(c)(2). Costello now appeals. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

After reviewing the whole record, we conclude that the District Court properly dismissed the complaint.  We affirm for substantially the reasons given by the District Court in its thorough Ruling and Order. *Costello v. Wells Fargo Bank Nat'l Ass'n,* No. 16-cv-1706 (VAB) 2017 WL 3262157 (D. Conn. July 31, 2017).[1]

## CONCLUSION

We have reviewed all of the arguments raised by Costello on appeal and find them to be without merit. The August 11, 2017 judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] We generally do not consider issues raised for the first time on appeal. *Ridinger v. Dow Jones & Co. Inc.*, 651 F.3d 309, 317 (2d Cir. 2011). In any event, we note that Costello's invocation of the *Rooker-Feldman* doctrine is unavailing because the District Court did not, in fact, "reconsider[] the state foreclosure dismissal in favor of plaintiff." Br. Appellant 40. The lack of notice in that earlier foreclosure action has no bearing on the reasoning of the District Court. We also note that Costello's various claims under the Truth in Lending Act fail because they were raised for the first time in his opposition to the motions to dismiss. *See Soules v. Conn., Dep't of Emergency Servs. & Pub. Prot.*, 882 F.3d 52, 56 (2d Cir. 2018) ("Ordinarily, parties may not amend the pleadings through motion papers.").  In any event, such claims are barred by the applicable statute of limitations. *See Redmond v. Bank of New York Mellon Corp.*, 697 F. App'x 23, 25 (2d Cir. 2017) (summary order) (citing 15 U.S.C. § 1640(e)).