Bhupendra K. SHAH, Plaintiff–
Appellant,

v.

HELEN HAYES HOSPITAL,
N.Y. Department of Health,
Defendants–Appellees.

No. 06–4068–cv.

United States Court of Appeals,
Second Circuit.

Oct. 29, 2007.

Bhupendra K. Shah, Pearl River, NY, for Appellant.

Andrew M. Cuomo, Attorney General of the State of New York, Gregory Silbert, Assistant Solicitor General, New York, NY, for Appellees.

PRESENT: Hon. WILFRED FEINBERG, Hon. RALPH K. WINTER, Hon. CHESTER J. STRAUB, Circuit Judges.

### SUMMARY ORDER

Plaintiff–Appellant Bhupendra K. Shah, *pro se*, appeals from the May 19, 2006, judgment of the United States District Court for the Southern District of New York (Brieant, *Judge*) granting defendants-appellees' motion for summary judgment. Shah asserts claims of unlawful racial discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 1981 and 1983, as well as Section 40–c of the N.Y. Civil Rights Law. We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review an order granting summary judgment *de novo* and ask whether the District Court properly concluded that there were no genuine issues of material fact and that the moving party was entitled to judgment as a matter of law. *Miller v. Wolpoff & Abramson*, 321 F.3d 292, 300 (2d Cir.2003), *cert. denied*, 540 U.S. 823, 124 S.Ct. 153, 157 L.Ed.2d 44 (2003). In determining whether there are genuine issues of material fact, we are "required to resolve all ambiguities and draw all permissible inferences in favor of the party against whom summary judgment is sought." *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir.2003) (internal quotation marks

omitted). We will affirm the dismissal of a claim on summary judgment only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of [his] claim which would entitle [him] to relief." *Id.* (internal quotation marks omitted).

■ On appeal, Shah argues that the District Court failed to conduct a *de novo* review of the Magistrate Judge's Report and Recommendation ("R&R"), as required by 28 U.S.C. § 636(b)(1), prior to granting summary judgment. Specifically, Shah contends that the District Court read and considered only one of his fourteen objections to the R&R. While it is true that the District Court focused primarily on one of Shah's objections to the R&R, the District Court acknowledged that Shah had made several others and concluded that there was "no legal infirmity" in the entire R&R. Where a district court has stated that it has considered a party's objections to a magistrate judge's R&R, we have rejected the argument that the mere brevity of the district court's order granting summary judgment based upon that report and recommendation demonstrates the absence of a *de novo* review. *See Murphy v. Int'l Bus. Machs. Corp.*, 23 F.3d 719, 722 (2d Cir.1994), *cert. denied,* 513 U.S. 876, 115 S.Ct. 204, 130 L.Ed.2d 134 (1994). Other than his conclusory allegations, Shah has identified no evidence that the District Court failed to consider his objections to the R&R. Therefore, we will not reverse the District Court on this ground.

■ Shah also claims that the District Court erred in granting summary judgment because the defendants-appellees had offered affidavits in support of their motion that were made in "bad faith." By "bad faith," Shah appears to argue

that the affidavits of three Helen Hayes Hospital employees—Director Magdalena Ramirez, Director of Human Resources Walter Czachorowski, and Chief of Information Services Virgil Ennis—contained specific errors or misstatements. However, Shah also concedes that he brought these alleged errors to the attention of the Magistrate Judge in opposing the motion for summary judgment. While Shah believes that the Magistrate Judge did not read his submissions and "blindly followed" those submitted by defendants-appellees, there is no indication that the Magistrate Judge failed to give Shah's evidence in support of his claims due consideration. To the extent that Shah is arguing that the District Court's erred in granting summary judgment because the affidavits lack credibility, we have held that a party "cannot defeat the motion by relying on the allegations in his pleading, or on conclusory statements, or on mere assertions that affidavits supporting the motion are not credible." *Gottlieb v. County of Orange,* 84 F.3d 511, 518 (2d Cir.1996) (citation and internal quotation marks omitted).

■ Shah has also raised claims under the Fifth and Fourteenth Amendments. However, Shah asserted these claims only in his motion papers in response to defendant-appellees' motion for summary judgment. A party may not use his or her opposition to a dispositive motion as a means to amend the complaint. *See Wright v. Ernst & Young LLP,* 152 F.3d 169, 178 (2d Cir.1998) (collecting cases). The District Court did not err in granting summary judgment on Shah's constitutional claims.

■ Finally, Shah simply argues that the District Court erred in "adjudicating

[his] discrimination, retaliation and harassment claims under Title VII." The District Court, in adopting the Magistrate Judge's R&R, granted summary judgment to the defendants-appellees on several grounds, including the untimeliness of Shah's claims, the lack of exhaustion of administrative remedies, and Shah's failure to come forward with evidence to support *prima facie* cases of discrimination, retaliation or a hostile work environment. On appeal, Shah fails to identify facts in evidence before the District Court from which a reasonable jury could conclude that Shah had established a *prima facie* case for any of these claims. *See Kessler v. Westchester County Dep't of Soc. Servs.,* 461 F.3d 199, 205–05 (2d Cir.2006) (explaining *prima facie* case of retaliation under Title VII); *Petrosino v. Bell Atlantic,* 385 F.3d 210, 221, 226 (2d Cir.2004) (explaining *prima facie* cases of failure-to-promote discrimination claim and hostile work environment claim under Title VII). Therefore, summary judgment was proper on these claims.

Having reviewed the District Court's decision and the Magistrate Judge's R&R, we find no legal infirmity in the order granting summary judgment to the defendants-appellees in its entirety. For the foregoing reasons, we AFFIRM the judgment of the district court.