**Michael MATHIE IV, Plaintiff–Appellant,**

**v.**

**Glenn S. GOORD, et al., Defendants–Appellees.**

**No. 06–5704–pr.**

United States Court of Appeals, Second Circuit.

Jan. 9, 2008.

Michael M.J. Mathie, IV, pro se, Malone, NY, for Plaintiff–Appellant.

Kate H. Nepveu, Assistant Solicitor General (Barbara D. Underwood, Nancy A. Spiegel on the brief), for Andrew M. Cuomo, Attorney General of the State of New York, Albany, NY, for Defendants–Appellees.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. DEBRA ANN LIVINGSTON, Circuit Judges, Hon. GREGORY W. CARMAN,* Judge.

---

* The Honorable Gregory W. Carman, Judge for the United States Court of International Trade, sitting by designation.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this appeal from a judgment entered in the United States District Court for the Northern District of New York (Hurd, *J.*), it is hereby **ORDERED, ADJUDGED, AND DECREED,** that the judgment of the district court is **AFFIRMED.**

Plaintiff-appellant, Michael Mathie, IV, proceeding *pro se,* appeals from a November 20, 2006 judgment of the United States District Court for the Northern District of New York (Hurd, *J.*) granting defendants-appellees' motion to dismiss and dismissing Mathie's 42 U.S.C. § 1983 complaint. We assume the parties' familiarity with the procedural history, facts, and relevant issues on appeal.

In his amended complaint, Mathie claims that the Department of Correctional Services ("DOCS") procedures governing inmate urinalysis drug testing were unconstitutional, in that the procedures and their application denied him the ability to present a defense to charges of drug use. To the extent Mathie alleges in his amended complaint that the procedure was unconstitutional because DOCS destroys urine samples after testing them and prohibits inmates from obtaining independent test results at their own expense, for the reasons set forth by Magistrate Judge Randolph F. Treece in his Report and Recommendation, *see* doc. 27 (Report and Recommendation) at 5–6, we agree that this claim is without merit.

To the extent Mathie raised a new constitutional challenge in his submissions in opposition to defendants-appellees' motion to dismiss that the procedures used during his disciplinary hearing denied him the right to call witnesses and submit scientific documentary evidence in his own defense, we also agree with the Magistrate Judge that the amended complaint did not encompass that claim. *Id.* at 7–8. Additionally, to the extent that Mathie now challenges on appeal the current urinalysis procedures, in that the procedures do not require a different tester to perform the second confirmatory test, we will not review that claim because it was not presented below. *See Rothstein v. Carriere,* 373 F.3d 275, 291 (2d Cir.2004) (*citing Singleton v. Wulff,* 428 U.S. 106, 120, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976)).

Finally, with respect to Mathie's claim that the district court should not have dismissed his action without permitting him to file a second amended complaint "for purposes of clarity," Mathie never sought leave to do so, as required by the Federal Rules of Civil Procedure. *See* Fed.R.Civ.P. 15(a)(2) (after amendment as a matter of right, "a party may amend its pleading only with the opposing party's written consent or the court's leave"). Despite explicit instructions to do so from the Magistrate Judge, Mathie did not move for leave to amend his amended complaint.

For the forgoing reasons, the judgment of the district court is AFFIRMED.