17-52-cv
*Soules v. Connecticut*

# United States Court of Appeals
# for the Second Circuit

AUGUST TERM 2017
No. 17-52-cv

GARY SOULES,
*Plaintiff-Appellant,*

*v.*

STATE OF CONNECTICUT, DEPARTMENT OF EMERGENCY
SERVICES AND PUBLIC PROTECTION, STATE OF CONNECTICUT,
AND TOWN OF OXFORD,
*Defendants-Appellees.*

ARGUED: DECEMBER 1, 2017
DECIDED: FEBRUARY 8, 2018

Before:     JACOBS, RAGGI, and DRONEY, *Circuit Judges.*

Gary Soules appeals from the judgment of the United States District Court for the District of Connecticut (Bryant, J.) dismissing his complaint sua sponte on the ground of res judicata. Soules' first action alleged harassment, discrimination, and retaliation by defendants on the basis of his disabilities, military status, and certain protected activities. After dismissal, Soules brought this second action alleging a nearly identical set of facts and claims, adding a single further allegation: that defendants terminated his employment in retaliation for filing the first action.

1

We conclude that Soules effectively amended his complaint via the motion papers in the first action to add a retaliatory termination claim. Accordingly, Soules could have raised his termination claim in the first action and did, and thus res judicata precludes Soules from litigating the claim in this subsequent case. We also reject Soules' argument that the requirement to exhaust administrative remedies prevented him from raising the termination claim in the first action; the claim was "reasonably related" to the original administrative charge, and therefore Soules would not have been barred from bringing the claim in the first action. Furthermore, res judicata applies to claims pending review in administrative proceedings. The requirement to exhaust administrative remedies therefore does not alter our conclusion that res judicata precludes the second action. Affirmed.

WILLIAM S. PALMIERI, New Haven, Connecticut, *for Plaintiff-Appellant*.

JAMES N. TALLBERG (Dennis M. Durao, *on the brief*), Karsten & Tallberg, LLC, Rocky Hill, Connecticut, *for Defendant-Appellee Town of Oxford*.

COLLEEN B. VALENTINE, Assistant Attorney General (Ann E. Lynch, Assistant Attorney General, *on the brief*), Hartford, Connecticut, *for* George Jepsen, Attorney General of the State of Connecticut, *for Defendants-Appellees State of Connecticut, Department of Emergency and Services and Public Protection, State of Connecticut*.

DENNIS JACOBS, *Circuit Judge*:

Gary Soules appeals from the judgment of the United States District Court for the District of Connecticut (Bryant, J.) dismissing his complaint sua sponte on the ground of res judicata. Soules' first lawsuit was dismissed. See Soules v.

2

Connecticut, No. 3:14-CV-1045 (VLB), 2015 WL 5797014 (D. Conn. Sept. 30, 2015) ("Soules I"). The dismissal was affirmed in part and vacated in part (on grounds not relevant to this appeal) by summary order. See Soules v. Town of Oxford, 669 F. App'x 54 (2d Cir. 2016). Soules brought the present case after the dismissal of the first case, alleging nearly identical claims with a single additional one: that defendants terminated his employment in retaliation for filing Soules I (the "termination claim").

On appeal, Soules argues that res judicata does not bar his termination claim because the termination happened after he filed the complaint in Soules I. However, Soules was fired while the motions to dismiss were pending and he repeatedly raised the termination issue as evidence that his claims were sufficiently pleaded. These filings indicate that Soules implicitly sought to amend his pleadings, and that the district court in effect permitted him to do so. Accordingly, we conclude that the termination claim could have been raised in the prior action and was, and that res judicata precludes Soules from asserting the claim in this subsequent action.

Soules also argues that he could not have asserted claims based on his termination because he was required to exhaust administrative remedies. However, the termination claim was "reasonably related" to the original administrative charge; so the exhaustion requirement would not have foreclosed raising the claim added in Soules I. In any event, the res judicata doctrine applies in administrative proceedings. The requirement to exhaust administrative remedies thus does not disturb our holding that the termination claim is barred by res judicata.

## BACKGROUND

Soules, who is assumed to suffer from post-traumatic stress disorder, alleges that, while he was a police officer in the Town of Oxford, he was "subjected to an ongoing pattern of harassment, discrimination, retaliation and disparate treatment based upon his [mental and physical] disabilities or perceived disabilities, his military service and in retaliation for his protected complaints." Joint App'x 40, 42 (Am. Compl. ¶¶ 2, 17). Soules' supervisor, Sergeant Daniel Semosky, allegedly swore at Soules and said he was "unhappy"

with Soules' return to work after a combat tour; and employees of the Town of Oxford and State Police allegedly physically intimidated him. Id. at 43–44 (Am. Compl. ¶¶ 23–25). Soules protested in writing to the Department of Emergency Services and Public Protection ("DESPP"), and made that grievance known to other officers.

The complaint alleges that First Selectman George Temple instructed Soules to cut back enforcement of drunk driving laws, that Soules refused, and that disciplinary action ensued. Defendants allegedly solicited false complaints about Soules, created false performance evaluations, and attempted to have him arrested without probable cause.

On or about April 28, 2013, Soules filed a discrimination charge with the Connecticut Human Rights Office ("CHRO") and the Equal Employment Opportunity Commission ("EEOC"). Soules' first lawsuit, filed on July 23, 2014, alleged that defendants violated his rights under state and federal anti-discrimination laws. Soules I, 2015 WL 5797014, at *1–4. While the motions to dismiss in Soules I were pending, Soules was terminated on January 6, 2015, prompting him to file a separate charge with the CHRO. On September 30, 2015, the district court granted defendants' motion to dismiss.

On May 9, 2016, Soules filed a second action in the District of Connecticut against the same parties (minus two individual defendants) alleging a nearly identical set of facts and claims, but adding the allegation that defendants terminated Soules in retaliation for filing Soules I. Soules v. Connecticut, No. 3:16-cv-00703 (VLB), 2016 WL 7155731 (D. Conn. Dec. 7, 2016) ("Soules II"). The district court's dismissal of Soules II on the ground of res judicata prompted this appeal.

## DISCUSSION

## I

We review de novo a district court's dismissal of a complaint on the ground of res judicata. EDP Medical Computer Sys., Inc. v. United States, 480 F.3d 621, 624 (2d Cir. 2007).

4

Res judicata bars re-litigation if "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." Monahan v. N.Y.C. Dep't of Corr., 214 F.3d 275, 285 (2d Cir. 2000). It is conceded that Soules I constituted an adjudication on the merits and that the first and second lawsuit involve the same parties. Accordingly, the only issue on appeal is whether Soules' termination claim in Soules II was raised, or could have been raised, in Soules I.

As to the third element, we consider whether the second lawsuit concerns "the same claim—or nucleus of operative facts—as the first suit," applying three considerations: "(1) whether the underlying facts are related in time, space, origin, or motivation; (2) whether the underlying facts form a convenient trial unit; and (3) whether their treatment as a unit conforms to the parties' expectations." Channer v. Dep't of Homeland Sec., 527 F.3d 275, 280 (2d Cir. 2008) (internal quotation marks omitted). Res judicata "is based on the requirement that the plaintiff must bring all claims at once against the same defendant relating to the same transaction or event." N. Assur. Co. of Am. v. Square D Co., 201 F.3d 84, 88 (2d Cir. 2000) (citation omitted).

Soules contends that he merely mentioned his termination in Soules I; but the first lawsuit repeatedly pressed the termination issue. Examples abound. Thus: "[a]fter the filing [of the complaint], the defendants further retaliated against the plaintiff by subjecting him to leave without pay, and further baseless demands that he submit to invasive examinations, with the intent to punish him and *fabricate a grounds for his termination*." See Joint App'x 27 (Soules I Am. Compl. ¶ 61) (emphasis added). In a document that Soules entitled "Objection to Defendants' Motion to Dismiss," which was attached to his memorandum of law in opposition to the motion to dismiss, Soules stated: "[i]n addition to the unlawful conduct of the defendants directed at the plaintiff as set forth in his Amended Complaint, the plaintiff has been terminated by the defendants." Objection to Defs.' Mots. To Dismiss at 1, Soules v. Connecticut, No. 3:14-cv-1045, (D. Conn. Feb. 10, 2015), ECF No. 40. He added: "[t]his act of employment capital punishment occurred on or about January 6, 2015, after the filing of the Amended Complaint, and constitutes further unlawful conduct by the

5

defendants." Id. Soules' opposition to defendants' motions to dismiss declared on the first page of the memorandum that he "has been terminated by the defendants," and that the termination "constitutes further unlawful conduct." Town of Oxford Supplemental App'x 21 (Opp. Br. at 1). His termination is mentioned throughout the opposition papers as the culmination of the course of retaliatory, discriminatory, and harassing conduct. Soules alleged that "due to his disability or being regarded as disabled, he has been targeted for harassment and termination . . ." Id. at 46 (Opp. Br. at 26). In a similar vein, Soules emphasized his termination to bolster the plausibility of his substantive due process claim, his claim under the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), and his First Amendment retaliation claim. See id. at 52, 60, 62, 69, 71 (Opp. Br. at 32, 40, 42, 49, 51). These filings reflect that Soules was seeking to update his claims to add a termination claim in the district court, and he repeatedly raised his termination in his brief to this Court in the Soules I appeal. See id. 140, 152, 159–61 (Br. for Appellant at 20, 32, 39–41). The complaint was thus effectively amended.

Soules relies on Computer Associates International, Inc. v. Altai, Inc., which explains that for the purposes of res judicata "the scope of litigation is framed by the complaint at the time it is filed," and that the doctrine "does not apply to new rights acquired during the action which might have been, but which were not, litigated." 126 F.3d 365, 369–70 (2d Cir. 1997). In Legnani v. Alitalia Linee Aeree Italiane, S.P.A., we specifically applied this principle to a retaliatory discharge claim. See 400 F.3d 139, 141 (2d Cir. 2005) ("When Legnani filed her 1995 [Title VII] action, she had not yet been discharged from Alitalia. She could not have brought the retaliatory discharge action at that time and, accordingly, she was free to bring her retaliatory discharge claim in this subsequent action."). Moreover, in Proctor v. LeClaire, we applied that rule where, as here, the plaintiff raised a subsequently arising claim in motion papers during the pendency of the first action. See 715 F.3d 402, 406–12 (2d Cir. 2013). Soules thus argues that res judicata does not bar claims that arose from transactions that occurred after he filed Soules I.

We conclude, however, that Soules' argument fails because his post-complaint conduct in Soules I effectively amended his complaint to add a retaliatory termination claim. Ordinarily, parties may not amend the pleadings

6

through motion papers.  See Shah v. Helen Hayes Hosp., 252 F. App'x 364, 365 (2d Cir. 2007) (summary order); Mathie v. Goord, 267 F. App'x 13, 14 (2d Cir. 2008) (summary order).  But our only holding is that "a party is not *entitled* to amend its complaint through statements made in motion papers," Wright v. Ernst & Young LLP, 152 F.3d 169, 178 (2d Cir. 1998) (emphasis added), and "entitlement" is not the claim or the issue in this case.  One may seek what one is not entitled to demand, and may get what one cannot claim as of right.  Here, it appears that the district court implicitly permitted Soules to amend the initial complaint to address his employment termination.  Soules can hardly claim on behalf of defendants that the amendment caused them prejudice.  See Foman v. Davis, 371 U.S. 178, 182 (1962) (holding that "undue prejudice to the opposing party," among other reasons, is a ground to deny leave to amend).  Much less can he show good reason why he should be afforded the opportunity to pursue the claim again.

Soules I and Soules II repeatedly link Soules' termination to the same course of unlawful conduct by defendants.  The termination in Soules II is thus "related in time, space, origin, or motivation" to the discriminatory and retaliatory conduct alleged in Soules I.  Channer, 527 F.3d at 280.  And because Soules I and Soules II allege the same conduct by defendants, there can be no question that addressing all of the claims at once would form a "convenient trial unit" and would "conform[] to the parties' expectations."  Id.  Computer Associates is thus inapposite to the circumstances here: if res judicata did not apply, the duplication of proceedings that would ensue, with the attendant waste of resources and risk of inconsistent results, is precisely what the doctrine of claim preclusion prevents.  We conclude that the district court correctly ruled that res judicata bars this subsequent action.

## II

Soules further argues that the dismissal should be reversed because it was impossible for him to assert the termination claim in Soules I without exhausting administrative remedies.  Ordinarily, a plaintiff seeking to bring a claim pursuant to the Americans with Disabilities Act ("ADA"), Title VII, or the Connecticut Fair Employment Practices Act ("CFEPA") must exhaust administrative remedies through the EEOC or CHRO.  See Williams v. N.Y.C.

Hous. Auth., 458 F.3d 67, 69 (2d Cir. 2006) (Title VII); J.C. v. Reg'l Sch. Dist. 10, Bd. of Educ., 278 F.3d 119, 124 (2d Cir. 2002) (ADA); Sullivan v. Bd. of Police Comm'rs of City of Waterbury, 196 Conn. 208, 215–16 (1985) (CFEPA).

In this circuit, however, "claims that were not asserted before the EEOC may be pursued in a subsequent federal court action if they are 'reasonably related' to those that were filed with the agency." Shah v. N.Y. State Dep't of Civil Servs., 168 F.3d 610, 614 (2d Cir. 1999) (citations omitted). "Subsequent conduct is reasonably related to conduct in an EEOC charge if: [1] the claim would fall within the reasonably expected scope of an EEOC investigation of the charges of discrimination; [2] it alleges retaliation for filing the EEOC charge; or [3] the plaintiff alleges further incidents of discrimination carried out in precisely the same manner alleged in the EEOC charge." Alfano v. Costello, 294 F.3d 365, 381 (2d Cir. 2002) (internal quotation marks omitted).

Soules' termination claim was "reasonably related" to the original administrative charge under both the second and third Alfano exceptions to the exhaustion requirement.

As to the second exception, Soules draws a distinction between a claim of retaliation for filing an EEOC or CHRO charge, which would be subsumed in the original administrative filing, and the filing of a federal lawsuit (Soules I), which he argues (for some reason) would not. But the reason underlying this exception applies with equal force to retaliation for filing a federal lawsuit as it does for filing an administrative charge: "the close connection of the retaliatory act to both the initial discriminatory conduct and the filing of the [lawsuit] itself." Butts v. City of N.Y. Hous. Pres. and Dev., 990 F.2d 1397, 1402 (2d Cir. 1993) (citing Owens v. N.Y.C. Hous. Auth., 934 F.2d 405, 410–11 (2d Cir. 1991)). Requiring plaintiffs to file a second lawsuit regarding an employer's retaliatory conduct would duplicate investigations and waste resources on a claim concerning conduct already at issue in the first lawsuit; furthermore, it could perversely incentivize employers to retaliate in order to "impose further costs on plaintiffs and delay the filing of civil actions relating to the underlying acts of discrimination." Id. Because the termination claim was reasonably related to the original administrative charge, Soules would not have been barred from bringing the claim in Soules I.

As to the third exception, Soules contends that the termination claim does not allege "discrimination carried out in precisely the same manner alleged in the EEOC charge." Alfano, 294 F.3d at 381 (internal quotation marks omitted). Considering that the filings in both Soules I and Soules II allege that defendants retaliated against Soules for filing a complaint, that the retaliation took the form of disciplinary action, and that defendants were building a case for retaliatory termination, the termination claim bore (at least) a reasonable relationship to the claims in Soules I.

Res judicata applies to claims pending review in administrative proceedings. See Woods v. Dunlop Tire Corp., 972 F.2d 36, 37–41 (2d Cir. 1992). Soules therefore had two options after the termination of his employment: (1) request a stay of Soules I after he filed the second CHRO charge, and then seek to join the termination claim, or (2) seek to amend the Soules I complaint. See id. at 41. As explained above, Soules took the second option: his conduct amended the Soules I complaint to include a retaliatory termination claim. The requirement that plaintiffs must exhaust administrative remedies does not alter this conclusion. Accordingly, Soules' termination claim could have been fully litigated in Soules I and was, and res judicata therefore prohibits Soules from re-ligating it here.

## CONCLUSION

For the foregoing reasons, we hereby **AFFIRM** the judgment of the district court.