Spillers v. N.Y.C. Health & Hosps. Corp.

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of April, two thousand nineteen.

PRESENT: GUIDO CALABRESI,
RAYMOND J. LOHIER, JR.,
RICHARD J. SULLIVAN,
*Circuit Judges.*

------------------------------------------------------------------

MARK SPILLERS,

*Plaintiff-Appellant,*

v.                                                                 No. 18-1424

NEW YORK CITY HEALTH AND
HOSPITALS CORPORATION,
KINGS COUNTY HOSPITAL CENTER,

*Defendants-Appellees.*

------------------------------------------------------------------

FOR APPELLANT:                     MARK SPILLERS, *pro se*,
                                   Brooklyn, NY.

FOR APPELLEES:                     YASMIN ZAINULBHAI (Jeremy
                                   W. Shweder, *on the brief*), *for*
                                   Zachary W. Carter,
                                   Corporation Counsel of the
                                   City of New York, New York,
                                   NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Pamela K. Chen, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Mark Spillers, pro se, appeals from a judgment of the District Court (Chen, J.), granting the defendants' motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Spillers sued his former employers, the New York City Health and Hospitals Corporation and Kings County Hospital Center, claiming, among other things, that they violated the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101 et seq., by failing to provide reasonable accommodations for his mental disability. As relevant to this appeal, the District Court dismissed the action because Spillers did not exhaust his failure to accommodate claim prior to bringing suit and because the

2

accommodation he requested was in any event unreasonable. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

This Court reviews a dismissal for judgment on the pleadings pursuant to Rule 12(c) de novo, accepting all factual allegations as true and drawing all reasonable inferences in the plaintiff's favor. Jaffer v. Hirji, 887 F.3d 111, 114 (2d Cir. 2018). In order to survive a Rule 12(c) motion, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Bank of N.Y. v. First Millennium, Inc., 607 F.3d 905, 922 (2d Cir. 2010) (quotation marks omitted).

We conclude that the District Court properly dismissed Spillers' ADA accommodation claim for failure to exhaust his administrative remedies. "Ordinarily, a plaintiff seeking to bring a claim pursuant to the [ADA] . . . must exhaust administrative remedies through," as relevant here, the Equal Employment Opportunity Commission (EEOC). Soules v. Conn., Dep't of Emergency Servs. & Pub. Prot., 882 F.3d 52, 57 (2d Cir. 2018). Claims that were not asserted before the EEOC may be litigated only if they are reasonably related

3

to those that were filed with the agency. Id. A claim is reasonably related to filed claims "if the conduct complained of would fall within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge that was made." Littlejohn v. City of New York, 795 F.3d 297, 322 (2d Cir. 2015) (quotation marks omitted).

In his EEOC complaint, Spillers alleged discrimination on the basis of his disability, but did not include a failure to accommodate claim or indicate that he sought any accommodation for his disability, even though the EEOC complaint form gave him an opportunity to do so. Spillers argues that a letter he attached to his complaint alleges a failure to accommodate. But the letter states only that Spillers was advised by medical professionals to take time off of work and that he was informed that he should file a workers' compensation claim. The letter does not actually request any time off of work. Because Spillers claimed disability discrimination but did not claim a failure to accommodate, the agency could not have been expected to investigate the latter claim.

For the first time on appeal, Spillers also claims agency error in connection with filing his EEOC complaint. Although under certain circumstances a

4

plaintiff may show that his ADA claim is properly exhausted if he presents evidence of agency error in completing the EEOC complaint, see Deravin v. Kerik, 335 F.3d 195, 199–200, 203 (2d Cir. 2003), we conclude that Spillers forfeited this argument before the District Court.   See, e.g., United States v. Angell, 292 F.3d 333, 337 (2d Cir. 2002).   For these reasons, we affirm the District Court's dismissal of Spillers' failure to accommodate claim as unexhausted.

We have considered all of Spillers' remaining arguments and conclude that they are without merit.[1]   For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] In his reply brief on appeal, Spillers purports to challenge the District Court's dismissal of his national origin and disability discrimination claims as time-barred.   Spillers waived these challenges because his opening brief stated that he challenges only the dismissal of his failure to accommodate claim.   Liberally construing his brief, Spillers also argues for the first time on appeal that he was improperly denied workers' compensation and that he was subjected to a hostile work environment.   Because these arguments were not raised in the District Court, we decline to address them.   See Harrison v. Republic of Sudan, 838 F.3d 86, 96 (2d Cir. 2016).