18-2615
*Brodsky v. N.Y.C. Campaign Fin. Bd.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing to a summary order must serve a copy of it on any party not represented by counsel.**

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of November, two thousand nineteen.**

PRESENT:  JOSÉ A. CABRANES,
          JOSEPH F. BIANCO,
                    *Circuit Judges*
          EDWARD R. KORMAN,
                    *District Judge.*\*

---

MERYL BRODSKY,

          *Plaintiff-Appellant*,

          v.                                                    18-2615

NEW YORK CITY CAMPAIGN FINANCE BOARD,
BY HILARY WEISMAN, GENERAL COUNSEL;
ZACHARY W. CARTER, CORPORATION COUNSEL
OF THE CITY OF NEW YORK,

          *Defendants-Appellees*,

THE NEW YORK CITY SHERIFF, (Nonparty),

          *Defendant.*

---

\* Judge Edward R. Korman, of the United States District Court for the Eastern District of New York, sitting by designation.

**FOR PLAINTIFF-APPELLANT:**  Meryl Brodsky, *pro se*, New York, NY.

**FOR DEFENDANTS-APPELLEES:**  Richard P. Dearing, Julie Steiner, *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Alison J. Nathan, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiff-Appellant Meryl Brodsky ("Brodsky") ran unsuccessfully for a New York City Council seat in 2005. The New York City Campaign Finance Board ("the Board") determined that she was obligated to repay $35,415 in public campaign funds. Brodsky sued the Board in state court, which ultimately ruled in the Board's favor. Brodsky returned only $26,010 of the judgment owed and refused to repay the rest. In 2010, the state court directed a garnishee to sell shares of Brodsky's stock to pay the remaining sum. In 2015, Brodsky, *pro se*, brought federal and state law claims in the district court against the Board and Zachary Carter, the New York City Corporation Counsel ("*Brodsky I*"). Brodsky raised, *inter alia*, a claim under the Internal Revenue Code ("IRC"), 26 U.S.C. § 6103, alleging that her tax information had been unlawfully disseminated during the state court proceedings. The district court granted the Board's motion to dismiss, and this Court affirmed. In 2017, Brodsky, again *pro se*, brought a second federal action, now on appeal, against the same defendants and others alleging improper handling of her tax information. The District Court ruled that the doctrine of *res judicata* barred her tax claims and declined to exercise supplemental jurisdiction over her state law claims. Brodsky appealed. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

As we have often noted when evaluating a motion to dismiss, a court "must accept as true all of the factual allegations set out in [a] plaintiff's complaint, draw inferences from those allegations in the light most favorable to [the] plaintiff, and construe the complaint liberally." *Roth v. Jennings*, 489 F.3d 499, 510 (2d Cir. 2007) (internal quotation marks and citation omitted). We review *de novo* a district court's dismissal of a complaint on the grounds of failure to state a claim, *see Castagna v. Luceno*, 744 F.3d 254, 256 (2d Cir. 2014), and *res judicata*, *see Soules v. Conn. Dep't of Emergency Servs. & Pub. Protection*, 882 F.3d 52, 55 (2d Cir. 2018).

The doctrine of *res judicata*, also known as claim preclusion, bars re-litigation if (1) the previous action involved an adjudication on the merits; (2) the previous action involved the same

2

parties or those in privity with them; and (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action. *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 285 (2d Cir. 2000). Whether a judgment in a prior action will have preclusive effect "depends in part on whether the same transaction o[r] series of transactions is at issue, whether the same evidence is needed to support both claims, and whether the facts essential to the second were present in the first." *Id.* (internal quotation mark and citation omitted). "Where all requirements are met, *res judicata* can act as a bar to virtually any sort of claim[.]" *Id.* at 290. We find all the requirements for this doctrine were met and affirm the judgment of the District Court.

### 1. Adjudication on the Merits

In *Brodsky I*, the district court considered all of Brodsky's claims, including the claim asserted under § 6103, and dismissed the case in its entirety for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). *Brodsky I*, 2016 WL 1258986, at *3 (S.D.N.Y. Mar. 28, 2016). For purposes of the doctrine of *res judicata*, a "dismissal for failure to state a claim is a final judgment on the merits." *Berrios v. N.Y.C. Hous. Auth.*, 564 F.3d 130, 134 (2d Cir. 2009) (citations omitted). Therefore, Brodsky's 2015 action involved an adjudication on the merits, satisfying the first element of the doctrine of *res judicata*.

### 2. Same Parties or Those in Privity

In this Circuit, "literal privity is not a requirement for *res judicata* to apply." *Monahan*, 214 F.3d at 285. "Whether there is privity between a party against whom claim preclusion is asserted and a party to prior litigation is a functional inquiry in which the formalities of legal relationships provide clues but not solutions." *Chase Manhattan Bank, N.A. v. Celotex Corp.*, 56 F.3d 343, 346 (2d Cir. 1995). "[A] party will be bound by the previous judgment if his interests were adequately represented by another vested with the authority of representation." *Monahan*, 214 F.3d at 285 (internal quotation marks omitted).

Brodsky argues that the parties were not the same in *Brodsky I* and 2017 action. This argument is without merit. She first argues that the plaintiffs are different, since in the former lawsuit, she *and her campaign committee* were the plaintiffs, while in the current lawsuit she is the sole plaintiff. In the 2015 action, the campaign committee was "listed as a plaintiff in the caption of [that] action." *Brodsky v. Carter*, 2015 WL 13746671, at *13 (S.D.N.Y. Dec. 15, 2015) (R&R). The court there found, however, that the committee "has not appeared through counsel in the case, and thus it has not been able to advance any argument of its own[.]" *Id.* As the magistrate judge found, "the federal claims that Brodsky purports to assert on behalf of the Committee appear to be identical to those she asserts on

her own behalf." *Id.* Accordingly, the plaintiffs in both *Brodsky I* and the 2017 action (now before us) are the same.

Brodsky also asserts that the defendants are not the same in both actions. The caption in *Brodsky I* listed defendants as "Zachary W. Carter, Corporation Counsel for the City of New York, on Behalf of the New York City Campaign Finance Board." *Id.* at 1. Here, the defendants are listed as the Board by Hilary Weisman, its general counsel; Carter; and "the New York City Sheriff (Non-Party)." In *Brodsky I*, the district court construed Brodsky's claims against Carter as claims against the Board because the allegations all related to the Board's actions and the complaint did not allege any personal involvement by Carter. *Id.*; 2015 WL 1258986, at *1 n.1 (dismissal). Here, Brodsky similarly does not allege that Carter had any personal involvement, and her allegations are generally identical to those in *Brodsky I*. Because Brodsky solely alleges misconduct by the Board—and appears to name Carter because he is the City Corporation Counsel—Brodsky's arguments asserting a lack of privity between Carter and the Board are meritless.

Weisman and the City of New York are also in privity with the Board. Weisman is in privity with the Board because she is being sued in her official capacity as the Board's counsel and it cannot be seriously disputed that Weisman's interests were "adequately represented" by the Board in defending *Brodsky I*. Because the Board is a New York City agency, the City is also in privity with the Board in *Brodsky I*. *See* N.Y.C. Admin. Code § 3-708 (providing that the mayor appoints the board members); *see, e.g., Cent. Hudson Gas & Elec. Corp. v. Empresa Naviera Santa S.A.*, 56 F.3d 359, 367–68 (2d Cir. 1995) ("[T]he principle of privity bars relitigation of the same cause of action against a new defendant known by a plaintiff at the time of the first suit where the new defendant has a sufficiently close relationship to the original defendant to justify preclusion."). Finally, the current action lists the New York City Sheriff in the caption as a "nonparty." Brodsky explicitly considered him a nonparty because he could not be "sued or served individually." Privity need not be considered concerning a nonparty. Thus, the defendant in *Brodsky I* is the same or in privity with the defendants in the 2017 lawsuit, satisfying the second element of the doctrine of *res judicata*.

Finally, Brodsky's inclusion of allegations against New York State Supreme Court Judge Eileen Rakower in the 2017 federal lawsuit does not affect the District Court's dismissal of the complaint. Although Judge Rakower is not formally named as a party in the caption, Brodsky alleges that Judge Rakower, along with Weisman and another Board attorney, "unlawfully procured and disseminated" Brodsky's tax return information during the state court proceedings. The District Court arguably could have construed these allegations as expressing Brodsky's desire to name Judge Rakower as a defendant. But Brodsky took care to note when she was naming individuals as parties

4

to the suit and when she was not doing so, and never named Judge Rakower as a defendant.[1] We therefore decline to construe Brodsky's complaint as naming Judge Rakower as a party.

### 3. Claims in the Prior Action

The doctrine of *res judicata* is based, among other things, "on the requirement that the plaintiff must bring all claims at once against the same defendant relating to the same transaction or event." *Soules*, 882 F.3d at 55 (internal quotation marks omitted). Brodsky argues that because her § 7431 was not brought in the first action, it is not barred by the doctrine of *res judicata*. We find this argument fails.

To the extent Brodsky can be said to have raised a § 7431 claim in the current case, she *could* have raised that claim in *Brodsky I*. The language of § 7431(a)(2) explicitly requires a "violation of any provision of section 6103" to create a viable § 7431 claim. Indeed, we previously noted that §§ 6103 and 7431 operate "in tandem." *Brodsky*, 673 F. App'x 42, 44 (2d Cir. 2016) (non-precedential summary order). Because "claim preclusion prevents a party from litigating any issue . . . that *could have been raised* or decided in a previous suit," *Clarke v. Frank*, 960 F.2d 1146, 1150 (2d Cir. 1992) (emphasis added) (citations omitted), Brodsky's § 7431 claim is barred. "A party cannot avoid the preclusive effect of res judicata by asserting a new theory or a different remedy." *Brown Media Corp. v. K&L Gates, LLP*, 854 F.3d 150, 157 (2d Cir. 2017) (internal quotation marks omitted).

Brodsky also argues that—since *Brodsky I*—she has identified "[n]ew and previously concealed evidence" that "could not be previously heard." Specifically, she asserts that she filed her 2017 action after she procured a copy of a 2010 "execution check" from the Sheriff's and City Clerk's Offices that relates to sale of her stock in a prior garnishment proceeding. Brodsky identifies this

---

[1] But even if the District Court had construed the complaint to include Judge Rakower as a defendant, Judge Rakower would have been entitled to judicial immunity. Immunity attaches where (1) "the relevant action is judicial in nature" and (2) the judge "had jurisdiction over the subject matter before h[er]." *Huminski v. Corsones*, 396 F.3d 53, 74–75 (2d Cir. 2005) (internal quotation marks omitted). Judge Rakower acted in her judicial capacity as a judge of the N.Y. State Supreme Court when she presided over Brodsky's Article 78 lawsuit. *See* N.Y C.P.L.R. § 7804(b) ("A proceeding under this article shall be brought in the supreme court[.]"). Brodsky's allegations that Judge Rakower aided in the dissemination of her tax information occurred in relation to official court proceedings that involved determining Brodsky's assets in order to pay the judgment due to the Board. Even were we to construe this complaint to include Judge Rakower as a party, she would be entitled to judicial immunity. *See Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009).

evidence in furtherance of her argument that claims which arise subsequent to a prior action are not barred by the doctrine of *res judicata*. Brodsky's argument here is misplaced.

Even if she did not receive a copy of this execution check until 2017, that "evidence" does not bar the application of the doctrine of *res judicata* here. Her possession of the check does not constitute a new claim. Instead, it serves only as further possible evidence of alleged violations of the tax statute and the state-law fraud claim that Brodsky previously raised in *Brodsky I*, and seeks to assert again in the present action. The evidence relates to "the same transaction or connected series of transactions" alleged in both the prior and present actions. Accordingly, it does not preclude the District Court's application of the doctrine of *res judicata* in this action. *Maharaj v. BankAmerica Corp.*, 128 F.3d 94, 97 (2d Cir. 1997).

In sum, Brodsky's 2017 lawsuit is barred by doctrine of *res judicata* because *Brodsky I* involved an adjudication on the merits; the 2017 action involved the same parties as *Brodsky I* or those in privity with them; and the claims asserted in the 2017 action were or could have been raised in *Brodsky I*. *See Soules*, 882 F.3d at 55.

### CONCLUSION

We have reviewed the remainder of Brodsky's arguments and find them to be without merit. For the foregoing reasons, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court