19-962
*Wynn v. Union Local 237, I.B.T.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of December, two thousand nineteen.

PRESENT:
DENNIS JACOBS,
SUSAN L. CARNEY,
MICHAEL H. PARK,
*Circuit Judges.*

———————————————————————————

BRIAN WYNN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, AWILDA GUZMAN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, JOSE OTERO, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, JOHN WILLIAMS, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, KEVIN FULTON, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,

*Plaintiffs-Appellants,*

v.                                                                              No. 19-962

UNION LOCAL 237, I.B.T.,

*Defendant-Appellee.*

———————————————————————————

FOR PLAINTIFFS-APPELLANTS:　　　LEE NUWESRA, Law Offices of Lee Nuwesra, New York, NY.

FOR DEFENDANT-APPELLEE:　　　ALEXANDRA HOWELL, Archer, Byington, Glennon & Levine LLP, Melville, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Schofield, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on March 13, 2019, is **AFFIRMED**.

Plaintiffs-Appellants Brian Wynn, Awilda Guzman, Jose Otero, John Williams, and Kevin Fulton (collectively, "Plaintiffs") appeal from the District Court's judgment dismissing their amended complaint under Rule 12(b)(6) on *res judicata* grounds. We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to affirm.

In 2014, Plaintiffs brought a putative class action against their employer, the New York City Housing Authority ("NYCHA"), and their labor union, Defendant-Appellee Union Local 237, I.B.T. (the "Union"). *See generally Wynn v. New York City Hous. Auth.*, No. 14-cv-2818 (S.D.N.Y.) ("*Wynn I*"). Plaintiffs, all of whom are Black or Hispanic, alleged that NYCHA paid them less than similarly situated white employees and that their Union tacitly approved and encouraged this discriminatory compensation scheme, in violation of 42 U.S.C. § 1981, the Equal Protection Clause, and the New York City Human Rights Law ("NYCHRL"). In March 2017, the District Court (Schofield, *J.*) granted summary judgment in favor of NYCHA and the Union, finding that the record contained insufficient evidence of discriminatory animus. We affirmed this judgment on appeal. *See Wynn v. New York City Hous. Auth.*, 730 F. App'x 92, 94 (2d Cir. 2018).

Shortly thereafter, Plaintiffs filed a second action against the Union ("*Wynn II*"), this time alleging that the Union violated Title VII, 42 U.S.C. § 2000e *et seq.*, by allowing NYCHA to pay them less than similarly situated white employees. The District Court

2

dismissed Plaintiffs' amended complaint under Rule 12(b)(6), concluding that their claims were precluded by *res judicata*. Plaintiffs then filed this timely appeal.

We review *de novo* a district court's decision to dismiss a complaint on *res judicata* grounds, accepting all allegations in the complaint as true and limiting our inquiry to "the plaintiff's complaint, documents attached or incorporated therein, and materials appropriate for judicial notice." *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 498 (2d Cir. 2014). To ascertain the scope of the preclusive effect of a federal court's judgment issued under its federal-question jurisdiction, we look to "the federal common law of preclusion." *Wyly v. Weiss*, 697 F.3d 131, 140 (2d Cir. 2012). Under that caselaw, a defendant seeking to assert a *res judicata* defense "must show that (1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; and (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *TechnoMarine*, 758 F.3d at 499 (internal brackets omitted). To determine whether a party could have raised a claim in a previous action, we consider "whether the same transaction or connected series of transactions is at issue, whether the same evidence is needed to support both claims, and whether the facts essential to the second were present in the first." *Id.* (citation omitted).

For substantially the same reasons as are set forth in the District Court's thoughtful opinion, we conclude that the earlier adjudication of *Wynn I* precludes Plaintiffs' Title VII claims in *Wynn II*. Plaintiffs do not contest that the first two elements of *res judicata* are satisfied, nor could they: In *Wynn I*, the District Court granted summary judgment to the Union based on the merits of Plaintiffs' discrimination claims. And, as the District Court aptly observed in *Wynn II*, Plaintiffs' claims in *Wynn I* and *Wynn II* rest on the same factual allegations, namely: that (1) Plaintiffs worked for NYCHA as "Caretakers P," a position involving the application and removal of wall plaster; (2) NYCHA paid "prevailing wages" to "Mason Helpers" (another class of NYCHA employees with different job responsibilities), but not to Caretakers P; (3) the employees who worked as Caretakers P were predominately Black and Hispanic, while the employees who worked as Mason Helpers were predominately

3

white; and (4) the Union tacitly acquiesced to this allegedly discriminatory compensation system.[1]

Notwithstanding this factual overlap, Plaintiffs advance three arguments to support their position that *res judicata* does not bar them from asserting their Title VII claims in *Wynn II*. First, they contend that they could not have filed these claims in *Wynn I* because they did not exhaust their administrative remedies under Title VII until after they initiated their first suit against NYCHA and the Union. This argument is unpersuasive, however, because failure to exhaust under Title VII in an administrative forum does not exempt a claim from the application of *res judicata* in a judicial forum. *See Soules v. Connecticut, Dep't of Emergency Servs. & Pub. Prot.*, 882 F.3d 52, 57 (2d Cir. 2018) ("*Res judicata* applies to claims pending review in administrative proceedings."); *Woods v. Dunlop Tire Corp.*, 972 F.2d 36, 41 (2d Cir. 1992) (explaining that, when a plaintiff is forced to file suit before she can exhaust her administrative remedies with respect to a Title VII claim, the plaintiff has "two available courses . . . to avoid the sting of res judicata").

Second, Plaintiffs argue that *res judicata* does not apply because *Wynn I* and *Wynn II* assert different theories of discrimination: whereas the former proceeded on a theory of disparate treatment (which, Plaintiffs assert, requires proof of discriminatory intent), the latter proceeded on a theory of disparate impact (which, Plaintiffs contend, requires no showing of discriminatory intent). This argument also fails, however, because "claims based upon different legal theories are barred provided they arise from the same transaction or occurrence." *Berrios v. New York City Hous. Auth.*, 564 F.3d 130, 135 (2d Cir. 2009) (citation omitted). Here, the factual allegations at issue in *Wynn I* and *Wynn II* are essentially identical, as noted above.

Third, and finally, Plaintiffs seek to avoid the *res judicata* bar by relying on the Lilly Ledbetter Fair Pay Act, 42 U.S.C. § 2000e–5(e)(3)(A) (the "Ledbetter Act"). The Ledbetter Act provides, *inter alia*, that a new Title VII claim arises each time that a plaintiff receives a

---

[1] For a particular class of NYCHA employees (*e.g.*, Mason Helpers), the prevailing wage rate is the wage rate earned by private-sector employees who are engaged in the same type of work. *See Wynn*, 730 F. App'x at 93.

4

paycheck pursuant to "a discriminatory compensation decision or other practice." 42 U.S.C. § 2000e–5(e)(3)(A); *see also Davis v. Bombardier Transp. Holdings (USA) Inc.*, 794 F.3d 266, 269 (2d Cir. 2015) ("[A] compensation claim under the statute accrues not only at the time of the discriminatory decision but also with each paycheck the victim receives."). Plaintiffs cannot take advantage of this accrual rule, however, because their Title VII claims against the Union do not fall under the Ledbetter Act. As we have explained, "the plain language of the Ledbetter Act covers compensation decisions and not other discrete employment decisions, such as hirings, firings, promotions, and demotions." *Davis*, 794 F.3d at 270 (internal quotation marks and alterations omitted). Thus, "a change in pay, standing by itself, is not sufficient to bring a claim within the ambit of the Ledbetter Act." *Id.* Instead, "the Ledbetter Act's generous accrual provisions" apply to only "traditional pay-discrimination claims" that challenge discriminatory compensation decisions. *Id.* at 271.

In *Wynn II*, Plaintiffs seek to hold the Union liable for "acquiesc[ing]" to NYCHA's allegedly discriminatory compensation scheme. App'x 38. Plaintiffs' Title VII claims are therefore based on their labor union's failure to advocate for higher wages, not on their employer's decision to pay them less than the prevailing wage rate. As a result, Plaintiffs cannot benefit from the Ledbetter Act, which, as this Court and other circuits have recognized, was directed "to a very specific type of claim: that the employer is 'paying different wages or providing different benefits to similarly situated employees.'" *Poullard v. McDonald*, 829 F.3d 844, 853 (7th Cir. 2016) (quoting *Daniels v. United Parcel Serv., Inc.*, 701 F.3d 620, 630–31 (10th Cir. 2012)); *see also Davis*, 794 F.3d at 271 ("Since the *Ledbetter* decision specifically dealt with a pay-discrimination claim that was cognizable without regard to other adverse employment actions, we find that the Ledbetter Act's reference to 'discrimination in compensation' was to traditional pay-discrimination claims rather than to a pay reduction that flows from another adverse employment action."). Accordingly, the Ledbetter Act does not save Plaintiffs' Title VII claims from the application of *res judicata*.

\* \* \*

We have considered Plaintiffs' remaining arguments and conclude that they are without merit. For the foregoing reasons, the District Court's judgment is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court