*Fitzsimons v. N.Y.C. Dist. Council of Carpenters*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of January, two thousand twenty-four.

PRESENT:
> **MICHAEL H. PARK,**
> **EUNICE C. LEE,**
> **SARAH A. L. MERRIAM,**
> *Circuit Judges.*

_____

Peter Fitzsimons, Regina Ann Devlin Fitzsimons, Caitlin Patricia Fitzsimons, Bernadette Eileen Fitzsimons,

*Plaintiffs-Appellants*,

v.                                                        23-815

New York City District Council of Carpenters and Joiners of America, New York City District Council of Carpenters Pension Fund, New York City District Council of Carpenters Welfare Fund, Joseph A. Geiger, as Trustee,

*Defendants-Appellees.**

_____

FOR APPELLANTS:                     ROBERT K. ERLANGER, Erlanger Law Firm, PLLC, New York, NY.

_____

\* The Clerk of Court is respectfully directed to amend the caption accordingly.

**FOR UNION APPELLEES:** GILLIAN COSTELLO (James M. Murphy *on the brief*), Spivak Lipton LLP, New York, NY.

**FOR FUND APPELLEES:** MARTY GLENNON (John H. Byington, III *on the brief*), Archer, Byington, Glennon & Levine, LLP, Melville, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Torres, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff Peter Fitzsimons is a retired carpenter of the New York City District Council of Carpenters and Joiners of America (the "Union"). He and his family-member beneficiaries sued Defendants New York City District Council of Carpenters Pension Fund (the "Pension Fund"), New York City District Council of Carpenters Welfare Fund (the "Welfare Fund") (collectively, the "Funds"), Joseph A. Geiger as Trustee of the Funds, and the Union. Plaintiffs allege that the Funds improperly terminated Fitzsimons's pension and welfare benefits after he was convicted at a Union trial of working as a carpenter for a non-union company, Nevco Contracting, Inc. Fitzsimons brought claims against the Union for violating the Labor-Management Reporting and Disclosure Act ("LMRDA") under 29 U.S.C. §§ 411(a), 412, and 529; and against the Funds for denial of benefits and breach of fiduciary duties under the Employment Retirement Income Security Act of 1974 ("ERISA") § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), and § 502(a)(3), 29 U.S.C. § 1132(a)(3), respectively. The district court determined that it had jurisdiction under 29 U.S.C. § 412, deemed the LMRDA claim under 29 U.S.C. § 529 to be abandoned, and dismissed the remaining causes of action with prejudice for failure to state a claim. Fitzsimons now appeals

2

the district court's dismissals of his LMRDA claim under 29 U.S.C. § 411(a) and the ERISA claims. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review *de novo* the dismissal of a complaint pursuant to Fed. R. Civ. P. 12(b)(6), accepting the alleged facts as true and drawing all reasonable inferences in plaintiffs' favor." *Allen v. Credit Suisse Secs. (USA) LLC*, 895 F.3d 214, 222 (2d Cir. 2018).

**I.      ERISA Claims**

The district court properly dismissed Fitzsimons's unexhausted ERISA claims against the Funds. "ERISA requires both that employee benefit plans have reasonable claims procedures in place, and that plan participants avail themselves of these procedures before turning to litigation." *Eastman Kodak Co. v. STWB, Inc.*, 452 F.3d 215, 219 (2d Cir. 2006). Plaintiffs should thus exhaust their administrative remedies "[u]nless a 'clear and positive showing' is made that it would be futile for the claimant[s] to pursue [their] claim through the internal claims process." *Id.* (quoting *Jones v. UNUM Life Ins. Co. of Am.*, 223 F.3d 130, 140 (2d Cir. 2000)). Fitzsimons failed to take any appropriate administrative action after receiving the Funds' benefit-determination letters, and thus the Funds adequately raised their affirmative defense of failure to exhaust in support of their motion to dismiss. *See Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 74 (2d Cir. 1998) ("An affirmative defense may be raised by a pre-answer motion to dismiss under Rule 12(b)(6), without resort to summary judgment procedure, if the defense appears on the face of the complaint.").

Fitzsimons now argues that exhausting administrative remedies would have been futile because (1) he "had already been subjected to two OIG trials and two appeals"; (2) the "Funds

3

have made no argument to show the correct definition of trade jurisdiction . . . would have been applied on an appeal"; and (3) "an unbiased and different decision could not have been expected on any Trustee review." Appellants' Reply Br. at 10-12. These arguments are speculative and insufficient to show that pursuing an administrative appeal would have been futile.

Fitzsimons failed to exhaust administrative remedies or to show that doing so would have been futile, so we affirm the district court's dismissal of the ERISA claims.

**II. LMRDA Claim**

The district court correctly determined that Fitzsimons failed to state a claim that the Union violated provisions of the LMRDA. Section 101(a)(5) of the LMRDA states: "No member of any labor organization may be fined, suspended, expelled, or otherwise disciplined except for nonpayment of dues by such organization or by any officer thereof unless such member has been (A) served with written specific charges; (B) given a reasonable time to prepare his defense; (C) afforded a full and fair hearing." 29 U.S.C. § 411(a)(5). First, Fitzsimons argues that he was served with a deficient charge form. Like the district court, we decline to consider the sufficiency of the charge form because the operative complaint makes no allegations regarding the charge form, and Fitzsimons raised this issue for the first time in his opposition to Defendants' motion to dismiss. *See Soules v. Conn., Dep't of Emergency Servs. & Pub. Prot.*, 882 F.3d 52, 56 (2d Cir. 2018) ("Ordinarily, parties may not amend the pleadings through motion papers.").

Second, Fitzsimons argues that he was not afforded a full and fair hearing. But the Union supported its charges with photos of Fitzsimons at commercial construction sites, witness testimony, sworn affidavits, an interview record, and Fitzsimons's own admissions. Such evidence is sufficient under the LMRDA. *See Int'l Bhd. of Boilermakers v. Hardeman*, 401 U.S.

4

233, 246 (1971) ("LMRDA guarantees union members a 'full and fair' disciplinary hearing, and the parties and the lower federal courts are in full agreement that this guarantee requires the charging party to provide *some evidence* at the disciplinary hearing to support the charges made.") (emphasis added).

Fitzsimons contends that the Union was wrong to convict him for working for a non-union company because Section 26(F) of the Union Constitution allows non-union employment. This argument is meritless even if Fitzsimons is right about the content of the Union Constitution because the law is clear that a union "may discipline its members for offenses not proscribed by written rules." *Id*. at 244; *see Georgopoulus v. Int'l Bhd. of Teamsters, AFL-CIO*, 942 F. Supp. 883, 895 (S.D.N.Y. 1996), *aff'd*, 116 F.3d 1472 (2d Cir. 1997) ("[A] union's reasonable interpretation of the scope of offenses for which it may discipline its members is entitled to deference.").

Fitzsimons additionally argues that the Union has authority under the applicable Collective Bargaining Agreement over only "working" carpenters, and not supervisors, and as a "superintendent and inspector," he was not a working carpenter. App'x at A-12. This argument merely asks the court to second-guess the Union's decision; it raises no challenge to the fairness of the procedures undertaken by the Union. "The provisions of the L.M.R.D.A. were not intended by Congress to constitute an invitation to the courts to intervene at will in the internal affairs of unions. . . . The internal operations of unions are to be left to the officials chosen by the members to manage those operations except in the very limited instances expressly provided by the Act." *Gurton v. Arons*, 339 F.2d 371, 375 (2d Cir. 1964).

5

Moreover, Fitzsimons's claims of bias against the Trial Committee are speculative and unsupported by specific factual allegations and thus fail to state a claim. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level.").

We have considered all of Fitzsimons's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court dismissing the ERISA and LMRDA claims is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6