■ BERTA MORALES, Appellant, v NEW YORK CITY BOARD/ DEPARTMENT OF EDUCATION, Respondent. [51 NYS3d 873]—

Order and judgment (one paper), Supreme Court, New York County (Margaret A. Chan, J.), entered March 22, 2016, which, among other things, denied petitioner's petition to vacate an arbitration award, dated March 27, 2015, terminating petitioner's employment as a tenured teacher upon finding her guilty of multiple disciplinary charges, confirmed the award, and dismissed the proceeding brought pursuant to CPLR article 75, unanimously affirmed, without costs.

The arbitration award was supported by the record and was

not arbitrary and capricious (*see e.g. Matter of Davis v New York City Bd./Dept. of Educ.*, 137 AD3d 716, 717 [1st Dept 2016], *lv denied* 29 NY3d 903 [2017]; *see also Matter of Benjamin v New York City Bd./Dept. of Educ.*, 105 AD3d 677, 678 [1st Dept 2013]). The hearing officer issued a detailed decision in which she thoroughly analyzed the facts, evaluated credibility, and arrived at a reasoned conclusion (*Davis*, 137 AD3d at 717). Petitioner's due process rights were not violated; she was provided with appropriate notice, was represented by counsel at a 13-day hearing and had the opportunity to present evidence and cross-examine witnesses (*id.*). Petitioner's claim of bias by the hearing officer is speculative and unsupported by the evidence (*id.*).

The penalty of termination does not shock the court's sense of fairness (*see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 234 [1974]), given petitioner's teaching deficiencies over the course of three years, the absence of any improvement despite assistance offered by respondent, and her refusal to acknowledge her shortcomings (*see Davis*, 137 AD3d at 717).

We have considered petitioner's remaining arguments and find them unavailing. Concur—Sweeny, J.P., Richter, Andrias, Feinman and Kahn, JJ.