Morales v. N.Y.C. Dep't of Educ.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of April, two thousand twenty.

PRESENT:
>GUIDO CALABRESI,
>BARRINGTON D. PARKER,
>DEBRA ANN LIVINGSTON,
>*Circuit Judges.*

_____

Berta Morales,

>*Plaintiff-Appellant*,

>v.                                                                 19-1026

New York City Department of
Education,

>*Defendant-Appellee.*

_____

FOR PLAINTIFF-APPELLANT:          Berta Morales, *pro se*, Bergenfield, NJ.

FOR DEFENDANT-APPELLEE:          Deborah A. Brenner, Eric Lee, Assistant
                                                         Corporation Counsel, *for* Georgia M.
                                                         Pestana, Acting Corporation Counsel of the
                                                         City of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Furman, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Berta Morales, proceeding *pro se*, appeals from the district court's grant of judgment on the pleadings in favor of Appellee New York City Department of Education ("the DOE") with respect to her 42 U.S.C. § 1983, Rehabilitation Act, and state law claims. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* the district court's grant of judgment on the pleadings, applying the same standard that governs dismissal under Federal Rule of Civil Procedure 12(b)(6). *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 78 (2d Cir. 2015). We also review *de novo* a district court's ruling on preclusion. *See Hoblock v. Albany Cty. Bd. of Elections*, 422 F.3d 77, 93 (2d Cir. 2005).

## I. Prior Proceedings

In 2013, the DOE filed disciplinary charges against Morales pursuant to New York Education Law § 3020-a, which sets out procedures for disciplining tenured public school teachers in New York. In 2014, while her disciplinary proceedings were ongoing, Morales and six other teachers facing disciplinary charges sued the DOE in federal district court. *See Ingber v. N.Y.C. Dep't of Educ.*, No. 14-cv-3942, 2014 WL 6888777 (S.D.N.Y. Dec. 8, 2014). Morales and the other plaintiffs claimed that the DOE's disciplinary charging procedures violated their due process rights under the state and federal constitutions because, in each of their cases, the probable cause

2

determination was made by a school principal rather than a majority of school board members voting in an executive session, as required by § 3020-a(2)(a). *See id.* at \*1. The district court dismissed the complaint for failure to state a claim, reasoning that the plaintiffs (who had not yet been terminated) had not shown that they had been deprived of a protected property or liberty interest and, even if they had a protected interest, they had received all of the process they were due. *Id.* at \*2–4.

In April 2015, after a 13-day hearing during which Morales was represented by counsel, the hearing officer (an arbitrator selected pursuant to New York Education Law § 3020-a) issued a 94-page decision that sustained most of the charges against Morales and ordered her termination.[1] Morales moved to vacate the decision in state court pursuant to N.Y. C.P.L.R. § 7511 ("Article 75"). The New York Supreme Court upheld the hearing officer's decision, and the First Department affirmed, holding that the hearing officer's decision "was supported by the record and was not arbitrary and capricious"; Morales received due process; her claim of bias was "speculative and unsupported by the evidence"; "[t]he penalty of termination [did] not shock the court's sense of fairness"; and Morales's remaining arguments were meritless. *Morales v. N.Y.C. Bd./Dep't of Educ.*, 150 A.D.3d 468, 468–69 (1st Dep't 2017).

## II. Res Judicata

Morales's 2014 federal lawsuit bars most of her current claims under the doctrine of *res*

---

[1] The hearing officer's decision is not in the record before us, but the DOE submitted a copy of the state court decision denying Morales's Article 75 petition, which was affirmed by the First Department. The district court took judicial notice of this and other decisions in Morales's prior cases. *See Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991) ("[C]ourts routinely take judicial notice of documents filed in other courts, . . . to establish the fact of such litigation and related filings.").

3

*judicata*, also known as claim preclusion. "*Res judicata* bars re-litigation if '(1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action.'" *Soules v. Connecticut*, 882 F.3d 52, 55 (2d Cir. 2018) (quoting *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 285 (2d Cir. 2000)). Whether a judgment in a prior action "will have preclusive effect depends in part on whether the same transaction or connected series of transactions is at issue, whether the same evidence is needed to support both claims, and whether the facts essential to the second were present in the first." *Monahan*, 214 F.3d at 289. "Where all requirements are met, *res judicata* can act as a bar to virtually any sort of claim[.]" *Id.* at 290.

For purposes of *res judicata*, a "dismissal for failure to state a claim is a final judgment on the merits." *Berrios v. N.Y.C. Hous. Auth.*, 564 F.3d 130, 134 (2d Cir. 2009). The 2014 federal lawsuit was dismissed for failure to state a claim, and thus, this judgment satisfies the first requirement. *See Ingber*, 2014 WL 6888777 at *1, *4. The 2014 lawsuit also involved the same parties (Morales and the DOE). *See id.*; *see also id.*, No. 14-cv-3942, Dkt. No. 22 (S.D.N.Y. July 17, 2014) (Am. Compl.). As for the third requirement, although Morales raised only a due process claim in the 2014 lawsuit, her retaliation claims under the First Amendment and Rehabilitation Act, and her equal protection claim, could have been raised in that lawsuit because these claims stemmed from the same disciplinary proceedings and involved the same essential facts. Thus, these claims are also barred. *See Woods v. Dunlop Tire Corp.*, 972 F.2d 36, 39 (2d Cir. 1992) (for *res judicata* purposes, "[i]t is this identity of facts surrounding the occurrence which constitutes the cause of action, not the legal theory upon which [the plaintiff] chose to frame her

4

complaint").

### III.    Collateral Estoppel

Morales's claims stemming from the hearing officer's 2015 decision to sustain the disciplinary charges and terminate Morales, as well as the state court decisions upholding her termination, are barred under the narrower doctrine of collateral estoppel or issue preclusion.   We apply New York preclusion law to New York state court judgments.   *See Hoblock*, 422 F.3d at 92–93.   Under New York law, collateral estoppel will apply if "(1) the issue in question was actually and necessarily decided in a prior proceeding, and (2) the party against whom issue preclusion is asserted had a full and fair opportunity to litigate the issue in the first proceeding." *Id.* at 94 (brackets omitted).   As the district court correctly held, Morales had a full and fair opportunity to litigate the adequacy of her disciplinary proceedings during her Article 75 state court proceedings, and the state courts actually and necessarily decided that Morales's § 3020-a proceedings were procedurally adequate and that her termination did not violate her due process rights.   *See Morales*, 150 A.D.3d at 468–69.   Thus, all of the issues Morales raises in support of her due process claim are barred under the doctrine of collateral estoppel.[2]

Finally, the district court properly denied leave to amend as futile because all of Morales's federal claims were precluded, and this substantive problem could not be cured through better pleading.   *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).   And, after dismissing Morales's federal claims, the district court properly declined to exercise supplemental jurisdiction

---

[2] Because we hold that all of Morales's federal claims are precluded, we need not reach the district court's alternative ruling that Morales failed to state a claim on her due process, equal protection, First Amendment, or Rehabilitation Act causes of action.

5

over her state law claims.   *See Marcus v. AT&T Corp.,* 138 F.3d 46, 57 (2d Cir. 1998) ("In general, where the federal claims are dismissed before trial, the state claims should be dismissed as well.").

We have considered Morales's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

<div style="margin-left:40%">

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

</div>