22-587
*Rosado v. Port Auth. of N.Y. & N.J.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of February, two thousand twenty-four.

PRESENT:

> PIERRE N. LEVAL,
> SUSAN L. CARNEY,
> RICHARD J. SULLIVAN,
> *Circuit Judges.*

_____

VICTOR ROSADO,

> *Plaintiff-Appellant*,

> v.                                                                No. 22-587

PORT AUTHORITY OF NEW YORK AND
NEW JERSEY,

> *Defendant-Appellee.*\*

_____

\* The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

For Plaintiff-Appellant:                    VICTOR ROSADO, *pro se*, Chester, NY.

For Defendant-Appellee:                  MEGAN LEE, Port Authority Law Department, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Analisa Torres, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Victor Rosado, proceeding *pro se*, appeals from the district court's grant of summary judgment in favor of his former employer, the Port Authority of New York and New Jersey (the "Port Authority"), on Rosado's claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and 42 U.S.C. § 1981. We assume the parties' familiarity with the facts, procedural history, and issues on appeal, which we refer to only as necessary to resolve this appeal.

On January 11, 2019, Rosado – who was represented by counsel at the time – commenced the instant case, alleging that the Port Authority discriminated

against him on the basis of his national origin, ethnicity, and disability status and retaliated against him when he expressed his concerns about this disparate treatment. The district court granted summary judgment in favor of the Port Authority, concluding that several of Rosado's proffered unsworn declarations were inadmissible; that certain of his claims were time-barred because he failed to timely file a charge with the Equal Employment Opportunity Commission (the "EEOC"); that he failed to administratively exhaust his ADA claim; and that he otherwise failed to establish a racial discrimination or retaliation claim.[1] On appeal, Rosado argues that the district court erred in dismissing his claims as time-barred, in granting summary judgment as to his ADA claim, and in failing to require the Port Authority to disclose exhibits that Rosado claims were never provided to him or his counsel. For the reasons set forth below, we disagree.

## I. Title VII and Section 1981 Claims

Though we "liberally construe pleadings and briefs submitted by *pro se* litigants, reading such submissions to raise the strongest arguments they

---

[1] The district court additionally dismissed Rosado's claims pursuant to the New York State Human Rights Law and the New York City Human Rights Law on the basis that Rosado withdrew those claims in his counseled opposition to the Port Authority's motion for summary judgment. Rosado does not challenge the dismissal of those claims on appeal.

suggest," *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (internal quotation marks omitted), *pro se* appellants must still comply with Federal Rule of Appellate Procedure 28(a), which requires appellants "to provide the court with a clear statement of the issues on appeal," *Moates v. Barkley*, 147 F.3d 207, 209 (2d Cir. 1998). Accordingly, a *pro se* litigant will be deemed to have "abandon[ed] an issue by failing to address it in [his] appellate brief." *Green v. Dep't of Educ. of City of N.Y.*, 16 F.4th 1070, 1074 (2d Cir. 2021); *see also LoSacco v. City of Middletown*, 71 F.3d 88, 93 (2d Cir. 1995) ("[W]e need not manufacture claims of error for an appellant proceeding *pro se*."); *Terry v. Inc. Vill. of Patchogue*, 826 F.3d 631, 632–33 (2d Cir. 2016) ("Although we accord filings from *pro se* litigants a high degree of solicitude, even a litigant representing himself is obliged to set out identifiable arguments in his principal brief." (internal quotation marks omitted)). Furthermore, we will not decide issues that a *pro se* appellant raises in his brief only "obliquely and in passing." *Gerstenbluth v. Credit Suisse Secs. (USA) LLC*, 728 F.3d 139, 142 n.4 (2d Cir. 2013).

Rosado's brief does not address the merits of the district court's grant of summary judgment as to his Title VII and section 1981 claims. Instead, he argues only that the district court's conclusion regarding the timeliness of his

4

EEOC charge was erroneous and that he was discriminated against in violation of the ADA. Although he once identifies a doctor who treated him as a "policy maker or decision maker" for the Port Authority and briefly mentions several specific summary judgment exhibits, Rosado Br. at 4–6, Rosado does not explain how those points are relevant to any of his claims or address the district court's determination that he failed to show how the alleged discrimination was the result of a policy or custom. Because Rosado fails to address the substance of the district court's decision granting summary judgment as to his Title VII and section 1981 claims in his brief on appeal, we must conclude that he has abandoned any challenge to these aspects of the district court's judgment. *See Green*, 16 F.4th at 1074; *LoSacco*, 71 F.3d at 92–93; *Gerstenbluth*, 728 F.3d at 142 n.4.

## II. ADA Claim

Although Rosado does not explicitly challenge the district court's conclusion that he failed to administratively exhaust his ADA claim, he generally argues that the Port Authority "violated [his] disability rights" by "not following the [ADA's] rules and regulations . . . regarding disabilities and accommodations." Rosado Br. at 8, 10. We will therefore liberally construe his

5

brief as challenging the district court's dismissal of his ADA claim for failure to exhaust.

As with claims under Title VII, plaintiffs asserting claims under the ADA must first file a charge of discrimination with the EEOC. *See* 42 U.S.C. § 12117(a) (adopting, among other procedures, the exhaustion requirements of Title VII); *Soules v. Conn., Dep't of Emergency Servs. & Pub. Prot.*, 882 F.3d 52, 57 (2d Cir. 2018) ("Ordinarily, a plaintiff seeking to bring a claim pursuant to the [ADA] . . . must exhaust administrative remedies through the EEOC."). Here, the record reflects that Rosado filed a charge with the EEOC in September 2018, complaining of racial and ethnic discrimination and retaliation. Although the charge referenced discrimination and retaliation claims related to Rosado's "[r]ace," "[e]thnicity," and "[c]olor," Supp. App'x at 562, it did not make any reference to Rosado's alleged disability.

In his memorandum in opposition to summary judgment, Rosado's then-counsel argued that certain of Rosado's claims were "[r]easonably related" to the conduct discussed in his EEOC charge, and that the EEOC permits "loose pleading." Dist. Ct. Doc. No. 88 at 5 (alterations omitted). We agree with the district court that Rosado failed to demonstrate that his ADA claim was

6

reasonably related to the claims set forth in his EEOC charge, and that he therefore failed to exhaust his ADA claim.

Claims not asserted before the EEOC may still be pursued in a subsequent federal action if they are "reasonably related to those that were filed with the agency." *Legnani v. Alitalia Linee Aeree Italiane, S.P.A.*, 274 F.3d 683, 686 (2d Cir. 2001) (internal quotation marks omitted). "A claim is considered reasonably related if the conduct complained of would fall within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge that was made." *Deravin v. Kerik*, 335 F.3d 195, 200–01 (2d Cir. 2003) (internal quotation marks omitted). We have described this exception as "essentially an allowance of loose pleading" in light of the fact that most employees do not have the benefit of counsel while filing a charge with the EEOC. *Id.* at 201 (internal quotation marks omitted).

In this case, none of the acts of discrimination alleged in Rosado's September 2018 EEOC charge overlapped with or involved the same acts raised in connection with his ADA claim. A claim of disability discrimination is conceptually distinct from a claim of racial discrimination, *see id.*, and Rosado did not allege any facts in his EEOC charge that would have given the agency

7

reason to investigate a disability claim. We therefore cannot conclude that the district court erred in dismissing Rosado's ADA claim.[2]

### III.    Remaining Arguments

Rosado argues that the Port Authority did not disclose certain exhibits to him or his attorney during discovery but relied on them for the purposes of summary judgment. But Rosado's attorney did not object to the use of these exhibits. We therefore decline to consider this issue. *See Virgilio v. City of New York*, 407 F.3d 105, 116 (2d Cir. 2005) ("In general we refrain from passing on issues not raised below." (internal quotation marks omitted)).

Finally, Rosado filed a "motion to appeal" in this Court, asserting that the district court did not fully examine the summary judgment evidence and that the Port Authority failed to accommodate his disability. As discussed above, Rosado has failed to identify any way in which the district court erred in granting summary judgment in favor of the Port Authority. The motion is therefore denied.

---

[2] Because Rosado's appellate brief addresses only his ADA claim and we agree with the district court that his ADA claim was unexhausted, we need not reach his argument that his claims were timely since he began seeing a Port Authority doctor in January 2018.

We have considered Rosado's remaining arguments and find them to be without merit.   Accordingly, we **AFFIRM** the judgment of the district court and **DENY** Rosado's pending motion.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court