25-478-cv
*Vayani v. 146 W. 29th St. Owners Corp.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of December, two thousand twenty-five.

PRESENT:

> DENNY CHIN,
> RICHARD J. SULLIVAN,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

_____

ABDUL KHALIQ VAYANI,

> *Plaintiff-Appellant,*

> v.                                                    No. 25-478-cv

146 WEST 29TH STREET OWNERS CORPORATION, BERIK MANAGEMENT, Managing 146 Building, PRESIDENT RIKIN SHETH, Berik Management, LOCAL UNION

32BJ SEIU, MICHAEL FISHMAN, Former
President Trustee Local Union 32BJ &
Present Vice President SEIU Washington
D.C., HECTOR J. FIGUEROA, President &
Trustee Local Union 32 BJ SEIU, TODD
JENNING, Officer Union 32BJ, DENIS
JOHNSTON, Vice President Union 32BJ, MIKE
GRAHAM, Officer Union 32BJ, THOMAS
GIORDANO, Officer Union 32BJ, KEVIN J.
DOYLE, Executive Vice President, Local
32BJ, SEIU, Health Fund, BRIAN LAMBERT,
Vice President, Local 32BJ, SEIU, Pension
Fund, KYLE BRAGG, Vice President, Local
32BJ, SEIU, SRSP, LARRY ENGELSTEIN,
Assistant to the President, Local 32BJ, SEIU,
Shortman Fund, JOHN PAGNOTTA, District
Leader, Local 32BJ, SEIU, Legal Fund,
LENORE FRIEDLANDER, Vice President, Local
32BJ, SEIU, SUSAN COWELL, Executive
Director, REGINE BRETON, Pension Fund &
SRSP, ANGELO DASCOLI, Health Fund,
LINDA NELSON, Shortman Fund, ALAN
SNYDER, Legal Fund, HOWARD I.
ROTHSCHILD, Secretary of the Building
Service 32BJ Benefit Fund and President of
the Realty Advisory Board on Labor
Relations, Inc., JOHN SANTORA, Chief
Operating Officer and Executive Vice
President, Asset Services, Cushman &
Wakefield, Inc., CHARLES DOREGO, General
Counsel, Glenwood Management, FRED
WARD, Vice President for Labor Relations,
One Source, MANOHAR POHANI, JAY
KAPADIA, JOHN DOE, JANE DOE,

　　　　*Defendants-Appellees*,

2

FORMER ACCOUNTANT GEETA PATHAK, of Berik
Management,

*Defendant.[*]*

_____

| | |
|---|---|
| **For Plaintiff-Appellant:** | Abdul Khaliq Vayani, *pro se*, Avenel, NJ. |
| **For Defendants-Appellees 146 West 29th Street Owners Corporation; Berik Management; Rikin Sheth; Monohar Pohanil; and Jay Kapadia:** | Meredith Cavallaro, Paduano & Weintraub LLP, New York, NY |
| **For Defendants-Appellees Local Union 32BJ SEIU; Todd Jenning, Officer Union 32BJ; Denis Johnston, Vice President Union 32BJ; Mike Graham, Officer Union 32BJ; Thomas Giordano, Officer Union 32BJ; Kyle Bragg, Vice President, Local 32BJ, SEIU; John Doe; and Jane Doe:** | Susan J. Cameron, SEIU Local 32BJ, New York, NY. |
| **For Defendants-Appellees Michael Fishman, former President/Trustee, Local Union 32BJ & Present Vice President, SEIU Washington D.C.; Hector J. Figueroa, President & Trustee, Local Union 32BJ SEIU; Kevin J. Doyle, Executive Vice President, Local 32BJ SEIU, Health Fund; Brian Lambert, Vice President, Local 32BJ SEIU, Pension Fund; Kyle Bragg, Vice President, Local 32BJ SEIU, SRSP; Larry Engelstein, Assistant to the President, Local 32BJ** | Ira Sturm, Raab, Sturm & Ganchrow, LLP, New York, NY. |

_____

[*] The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

3

SEIU, Shortman Fund; John Pagnotta, District Leader, Local 32BJ SEIU, Legal Fund; Lenore Friedlander, Vice President, Local 32BJ SEIU; Susan Cowell, Executive Director; Regine Breton, Pension Fund & SRSP; Angelo Dascoli, Health Fund; Linda Nelson, Shortman Fund; Alan Snyder, Legal Fund; Howard I. Rothschild, Secretary of the Building Service 32BJ Benefit Fund and President of the Realty Advisory Board on Labor Relations, Inc.; John Santora, Chief Operating Officer and Executive Vice President, Asset Services, Cushman & Wakefield, Inc.; Charles Dorego, General Counsel, Glenwood Management; Fred Ward, Vice President for Labor Relations; and One Source:

Appeal from a judgment of the United States District Court for the Southern District of New York (John G. Koeltl, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the February 6, 2025 judgment of the district court is **AFFIRMED**.

Abdul Khaliq Vayani, proceeding *pro se*, appeals from the district court's dismissal of his amended complaint, which asserts seventeen claims against his employer, a union, the union's benefit funds, and various managers, trustees, and employees of those entities. In essence, Vayani alleges that the defendants

4

conspired to exclude him from membership in the union and from coverage under the union's collective bargaining agreement ("CBA"). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision.

## I.    Claim Preclusion

We review *de novo* a district court's dismissal of a complaint on *res judicata* grounds. *Soules v. Connecticut, Dep't of Emergency Servs. & Pub. Prot.*, 882 F.3d 52, 55 (2d Cir. 2018). Because Vayani "has been *pro se* throughout, his pleadings and other filings are interpreted to raise the strongest claims they suggest." *Shakirov v. Philips Med. Sys. MR, Inc.*, 103 F.4th 159, 166 (2d Cir. 2024).

On appeal, Vayani argues that the district court erred in dismissing all but two counts as barred by claim preclusion. *Res judicata,* or claim preclusion, bars re-litigation if "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; and (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 285 (2d Cir. 2000). "Where all requirements are met, *res judicata* can act as a bar to virtually any sort of claim." *Id.* at 290. Each of these requirements is met here.

*First*, Vayani previously asserted nearly identical claims against the same defendants. *See Vayani v. 146 W. 29th St. Owners Corp.*, No. 16-cv-1774, 2017 WL 3476046, at *1 (S.D.N.Y. Aug. 11, 2017) ("*Vayani I*"), *aff'd* 726 F. App'x 71 (2d Cir. 2018). In *Vayani I*, the district court dismissed the action for failure to state a claim, which "is a final judgment on the merits and thus has *res judicata* effects." *Berrios v. N.Y.C. Hous. Auth.*, 564 F.3d 130, 134 (2d Cir. 2009).

*Second*, the previous action was brought by Vayani, and thus "involved the plaintiff[]." *Monahan*, 214 F.3d at 285.

*Third*, the claims asserted in this action were or could have been raised in *Vayani I*. "Suits involve the same claim (or 'cause of action') when they arise from the same transaction, or involve a common nucleus of operative facts." *Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc.*, 590 U.S. 405, 412 (2020) (internal quotation marks and citations omitted). Both of Vayani's suits arise from his contention that the Defendants conspired to prevent him from joining the union and excluded him from benefits associated with union membership and the CBA. *See* App'x at A1–294, F31–109. As the two suits involve "a common nucleus of operative facts," the third prong is easily satisfied. *See id.*

We therefore agree with the district court that *res judicata* bars the majority of Vayani's claims.

## II.     Fraud on the Court

Vayani attempts to avoid the district court's *res judicata* ruling by claiming that the Defendants perpetrated a fraud on the court in *Vayani I.* According to Vayani, that fraud requires vacatur of the prior judgment and permits him to renew the claims that were dismissed in the earlier case.[1] We disagree.

Because Vayani's new counts concern the same alleged misconduct underlying *Vayani I*, and since the relief he seeks for each count is the vacatur of the judgment in *Vayani I*, we treat both counts as claims under Rule 60(d) – which allows courts to set aside fraudulently obtained judgments. Fed. R. Civ. P. 60(d). We review a district court's denial of relief under Rule 60(d) – whether the relief was sought as a motion in the original action or as an independent action for fraud on the court – for abuse of discretion. *See Marco Destin, Inc. v. Levy*, 111 F.4th 214, 218–19 (2d Cir. 2024). To warrant relief under Rule 60(d), the plaintiff "must

---

[1] In Count Two, Vayani alleges that the Defendants perpetrated a "fraud upon the court," relying on several interactions between the Defendants and himself related to his purported union membership and eligibility for pension benefits. App'x at A-283. Similarly, in Count Three, Vayani asserts an "independent action" to set aside the prior judgment in *Vayani I* pursuant to Federal Rules of Civil Procedure 60(d)(1) and (3) based on the same alleged fraud on the court as detailed in Count Two. *Id.* at A-284.

prove, by clear and convincing evidence, that the defendant interfered with the judicial system's ability to adjudicate impartially and that the acts of the defendant [were] . . . of such a nature as to have prevented the plaintiff from fully and fairly presenting a case or defense." *Mazzei v. The Money Store*, 62 F.4th 88, 93–94 (2d Cir. 2023).

Vayani's allegations, at most, reveal confusion as to whether Vayani was a union member who was covered by the CBA. *See* App'x at B-18, A-81. And all but one of the exchanges that Vayani relies upon in his Rule 60(d) claim post-date the judgment in *Vayani I*, and therefore could not have influenced the district court's adjudication of that case. Consequently, that correspondence cannot be "clear and convincing evidence" that Defendants "interfered with the judicial system's ability to adjudicate impartially" or "prevented the plaintiff from fully and fairly presenting a case or defense" in *Vayani I*. *Mazzei*, 62 F.4th at 94. The remaining interaction relied on by Vayani was simply that on January 5, 2016, Vayani purportedly went to the union's office, filled out an enrollment form, and received a union membership number. This interaction, on its own, is insufficient to meet the demanding standard of Rule 60(d). Therefore, we find no error in the district court's dismissal of Counts Two and Three.

\*     \*     \*

We have considered Vayani's remaining arguments and find them to be without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court